### McCarty v. The State, 26 Miss. Rep., 299.

#### HOMICIDE.

It is not necessary that the record should set out the oath prescribed to the jury.[2] Dyson v. State, 26 Miss., 362.

If the record show that an "officer was sworn to take charge of the jury," it is sufficient.[2] Dyson v. State, 26 Miss., 362.

Where the organization of the court at the term the trial took place is fully shown by the caption of the record, it is not necessary to show the caption of a previous one.

The name of the same juror appearing twice on the *venire*, without any collusion or improper design, and without any injury shown to have been done the prisoner by it, is no ground of error.

The regular *venire* is a matter of record, accessible to the accused, and he is not entitled to a copy of it.   But by the statute, he is entitled to a copy of the special *venire*.

[1] See note 1 p. 704 *supra*.

[2] The first two points decided in this case are more fully discussed in the case of Dyson, 26 Miss. R., 362.   *Infra*, p. 710.

It is the duty of the court to see that a competent, fair and impartial jury is empanelled, and nothing can interfere with this duty but the right of the parties of peremptory challenge, or of challenge for cause good and sufficient in law, to be judged of by the court.

The high court of errors and appeals will give no countenance to objections to the grand jury, when no complaint was made in the court below, and the accused submitted himself to trial, and was convicted.

If a party be present with the intention of giving assistance, if necesssry, in the killing, he would be an aider and abettor, and a principal in the second degree, though his assistance might not be called into actual requisition. Presence and intention to aid in killing amount to participation.

Error to Warren circuit court. BARNETT J.

Alexander McCarty was indicted, together with several others, in the circuit court of Warren county, for the murder of William McCay, and on the 11th day of June, 1853, he was convicted of manslaughter in the first degree, and sentenced by the court to twenty years' imprisonment in the penitentiary of the state.

The defendant made a motion for a new trial, assigning various grounds, which are stated in the opinion of the court. The first instruction given to the jury, to which the defendant excepted at the time, as well as a sufficient statement of the facts of the case, are set forth in the opinion of the court. The motion for a new trial was overruled, and the defendant prayed a writ of error to this court.

*Anderson & Buck*, for plaintiff in error.

The oath administered to the jury, namely, " The truth to speak in and upon the premises," was illegal, and the verdict was therefore void. 1 Chit. Cr. L., 551; Pile v. State, 5 Ala., 72; Jones v. State, 5 ib., 666; 1 How. 215; Arthur v. State, 3 Tex; 2 Eng. 59; 1 Green, 106.

The record shows what judge presided when the prisoner was indicted. 5 How. 20; 1 Chit. Cr. L. 331.

The record shows that the jury were permitted to retire during the progress of the cause, under charge of an officer sworn only " to take charge of the jury." That was error. 2 Hale, P. C., 296; 1 Chit. Cr. L., 632; 8 Leigh, 745; 8 S. & M., 587; 9 ib., 465; Boles v. State, 13 ib.; 2 Comst., 373; 11 Johns., 442; 2 Blackf., 475; 4 How., 187; 12 Pick., 496.

*D. C. Glenn*, attorney general.

Handy, J.:

The errors assigned in this cause are as follows :

1. That an improper oath was administered to the jury.

2. That the record does not show what judge presided when the prisoner was indicted.

3. That the record shows that the jury, on their retirement, were under the charge of an officer who was merely " sworn to take charge of them."

4. That the trial should have been suspended on prisoner's motion, because one of the jurors on the special *venire* was twice named therein.

5. It was error to require the juror Lum to be tendered to the prisoner, after he had been challenged for cause by the state, the prisoner not objecting.

6. That prisoner was entitled to regular service of a list of the panel of regular petit jurors, after the special *venire* was exhausted.

7. It does not appear by the record that the grand jurors who found the indictment were competent jurors.

8. That the first instruction asked by the state is erroneous.

The first and third grounds of error have been disposed of, and held to be untenable, in the case of Dyson v. State,[1] at this term.

The second ground of error we do not think well taken. The circuit court for each county of the state is a tribunal established by law, and can be held only by the judge properly assigned to the circuit to which the county belongs, unless under special circumstances which constitute an exception, and which, if they exist, must appear on record. If the record states that a circuit court was held at the time and place appointed by law, in and for the particular county, it could only be held by the appropriate judge, and this must be judicially known and considered by this court, unless something varying the regular course of that court is shown. ' A different rule may be possibly applicable to courts of special and limited jurisdiction. We think it therefore questionable whether the organization of the court, even as it appears in the caption of the indictment, is not suffi-

[1] 26 Miss. R., 362, *infra*, p. 710.

cient. But, under the statements of the record in this case, the organization of the court is fully shown by the caption to the record, and it is not necessary that the caption to the record of a previous term should be shown.

As to the *venire facias* containing the name of the same juror twice, it does not appear that any prejudice was occasioned to the prisoner by it, or but that it was the mere mistake and inadvertence of the sheriff, without any collusion or improper design, and without any real injury shown to the prisoner. Under such circumstances, a mere informality of such a character is not ground of error. 12 East R., 230;[1] 7 Wend., 417; Whart. Am. Cr. Law, 923.

Nor do we think that the prisoner was entitled to a copy of the names of the regular *venire*, after the exhaustion of the special *venire*. The regular *venire* was a matter of record, and entirely accessible to any one interested in the proceedings of the court, and therefore bound to be taken notice of for all legal purposes. The statute goes no further than to give the accused the right to a copy of the special *venire*, doubtless upon the supposition that a sufficient number of jurors would be ordered to enable the parties to select the jury. To extend the right of special notice further would be to give a right which the statute had not given, and which, by its silence, cannot be presumed to have intended to be given. It would be without the sanction of law, and lead to the greatest delays in trials, as the same right might, with equal reason, be claimed as to all talesmen, and thus all law and justice be defeated.

The objection to the juror Lum is equally untenable. When a juror is objected to for cause, it is the duty of the court, under

---

[1] Wharton Am. Cr. Law, 3218; Mix v. Woodward, 12 Conn., 262; Cole v. Perry, 6 Cowen, 584; 4 Barn. & Ald., 430; 5 Cowen, 289; 7 Cowen, 282; 2 Graham & Waterman N. T.,153; State v. Lamon, 3 Hawks, 175; 1 Archbold Cr. Pr. & Pl., 621, 622, 623. Mistakes or omissions in empanelling jurors, where such mistakes and omissions have no tendency to injuriously affect the interests of the accused, are no ground for a new trial. Com. v. Roby, 12 Pick., 496; People v. Vermilyea, 7 Cow., 382; U. S. v. Gilbert, 2 Sumner, 19; King v. Hart, 4 Barn. & Ald., 430: People v. Ransom, 7 Wend., 417; State v. Hascell, 4 N. H., 352; Com. v. Norfolk, 5 Mass., 435; State v. Underwood, 4 Iredell, 96; People v. Griffin, 2 Barb. S. C., 427; Fenalty v. State, 7 Eng., 630; State v. Lyttle, 5 Iredell, 58; Benton's case, 2 Dev. & Bat., 196; U. S. v. Cornell, 2 Mason, 91. When, however, the irregularity affects the verdict against the accused, a new trial will be granted. State v. Powell, 2 Halst., 244. See 2 Graham & Waterman N. T., 159, *et seq.*

the practice which obtains in this state, and in many other states of the Union, to examine into the sufficiency of the objection, and this, whether the adverse party consents to the objection or not; for otherwise, however insufficient the cause alleged might be, it would be the duty of the court to reject the juror. If a party challenge a juror for cause altogether immaterial, as that he were a planter or a mechanic, a rich or a poor man, the adverse party assenting, it would be the duty of the court to set aside the juror as incompetent, under the position here urged. This places the empanelling the jury altogether in the hands of the parties to the suit, who, by equal reason, might consent to place the most palpably illegal men upon the jury. But the argument is fallacious. It is the duty of the court to see that a competent, fair, and impartial jury is empanelled, and nothing can interfere with this duty but the right of the parties of peremptory challenge, or of challenge for cause good and sufficient in law, to be judged of by the court.

As to the objection to the sufficiency of the grand jury, we do not think it valid. But even if it would be when properly taken, this court will give no countenance to such objection, when no complaint was made of it in the court below, and the accused submitted himself to trial, and was fairly tried and convicted. Such is the settled rule established by this court. Brantley's case, 13 S. & M.; 3 How., 432; Organ v. State, at this term.

The last objection is to the first instruction granted at the instance of the state, as follows: "That if the defendant was present at the time of the killing of deceased, with the intention to aid and abet in the murder of deceased, they must find him guilty as charged in the indictment."

This instruction is clearly sound law, as a general rule, and it is not pretended that the evidence did not justify it in this case. It is said, that the presence of the accused at the killing of the deceased with the intention to aid and abet in murdering him, and he was murdered, would not make the accused a principal in the second degree; that it requires participation to constitute such character. If by this it is meant that there must be an actual part taken by the accused in the fact of killing, it is not supported by reason or authority. If a party be present, with

the intention to give assistance, if necessary, in the killing, he would be an aider and abettor, and a principal in the second degree, though his assistance might not be called into requisition; because he would give encouragement to the deed. Presence and intention to aid in the killing have, therefore, very justly been held to amount to participation.[1]   Arch. Cr. Pl. and Ev., 4; Rex v. Borthwick, Dougl., 207; Commonwealth v. Knapp, 9 Pick., 496; 1 Russ. Cr., 26, 27; Whart. Am. Cr. L., 28, (1st ed.)

We are of opinion, that there is no error in the record, and that the judgment should be affirmed.

A petition for re-argument was filed by the plaintiff in error in this case, but the court refused to grant it.

---

[1] Archbold Cr. Pr. & Pl., 62, 63; State v. Hardin, 2 Dev. & Batt., 407; State v. Town, Wright (Ohio) R., 75; State v. Coleman, 5 Porter, 32; Brennnan v. People, 15 Ill., 511; Foster, 350; 2 Hawk. P. C., c. 29, §§ 7, 8; Reg. v. Howell, 9 C. & P., 437; Rex v. Hargraves, 5 Car. & P., 170; 1 Hale, 439; Connaughty v. State, 1 Wisc., 169; Wharton Am. Cr. Law, 116, *et seq.* ; Rex v. Moyre, 1 Leach, 314; Rex v. Borthwick, 1 Doug., 207; 1 Leach, 66; 1 Russ., 31; 1 Hale, 155; Rex v. Goggerly, Russ. & Ryan C. C., 343; Rex v. Owen, 1 Moody C. C., 96.