STATE v. WM. H. WHITE.

With certain exceptions, neither the acts nor the declarations of persons not on oath and subject to cross examination, are admissible for or against a defendant. *Therefore,* in an indictment against A for larceny, the admissions and acts of B tending to prove that he, B, was the guilty party, are not competent evidence on the trial of A.

The fact that a juror is not a resident of the county in which the indictment is tried, is a good ground of challenge, but not for a new trial, after a verdict is rendered.

(*State* v. *May,* 4 Dev. 428; *State* v. *Duncan,* 6 Ired. 236; *State* v. *Ward,* 2 Hawks, 443; *Briggs* v. *Byrd,* 12 Ired., 377; *State* v. *Patrick,* 3 Jones, 443; *State* v. *Douglass,* 63 N. C. Rep. 500, cited and approved.)

INDICTMENT for larceny, tried before *Moore, J.,* at the Spring Term, 1872, of the Superior Court of GRANVILLE county.

The jury returned a verdict of guilty. Motion for a new trial; motion refused. Defendant appealed.

The facts pertinent to the points raised are stated in the opinion of the Court.

*Jones & Jones*, for defendant.
*Attorney General* and *Cox*, contra.

SETTLE, J.   The record in this case is greatly cumbered
by the recital of evidence not necessary tô present the point
intended to be raised.

The defendant, who was indicted for the larceny of four
boxes of tobacco, proposed to prove by his son that when
one Miles Britt, a colored man, who had resided on the
defendant's premises for two or three years, saw the prosecu-
tor and others approaching the premises on the day after
the night on which the larceny was committed, he hurried
off and changed his shoes; and also that Britt stated after-
wards that he had put the tobacco in the granary, and fur-
ther that Britt had fled the country a few days thereafter,
and had not been seen or heard from since.

All of this evidence was clearly inadmissible, for the rea-
son that it falls under the condemnation of the maxim, *res
inter alios acta, &c.*

But, aside from that, there is nothing in the acts and de-
clarations of Britt inconsistent with the guilt of the defend-
ant; both may have been guilty.   With certain exceptions,
which do not affect this case, neither the acts nor the declar-
ations of persons not on oath and subject to cross examin-
ation are admissible for or against a defendant, being merely
hearsay evidence.   *State* v. *May*, 4 Dev. 428 ; *State* v. *Duncan*,
6 Ired. 236.   After verdict, the defendant moved for a new
trial, and alleged as ground therefor, that one of the jurors
who tried the case was not a resident of Granville county,
and that the fact was not known to the defendant until after
the verdict was rendered.

This was a good cause of challenge, but as it was not taken
in apt time we must consider it as waived.   But the defend-
ant replies that he did not know it until after verdict.   He
could have known it, had he challenged the juror when

tendered.. The fact that an incompetent juror was permitted by the defendant to try his case does not vitiate the verdict. *State* v. *Ward*, 2 Hawks, 443; *Briggs* v. *Byrd*, 12 Ired., 377; *State* v. *Patrick*, 3 Jones, 443; *State* v. *Douglass*, 63 N. C. Rep., 500.

Let it be certified that there is no error.

PER CURIAM.                           Judgment affirmed.