STATE v. THOMAS BOON.

*Murder—Evidence—Juror—Special Venire.*

1. On a trial for murder, evidence of the declarations of a third party that he shot deceased is inadmissible.

2. A juror related to the prisoner and deceased is not indifferent, and may be ordered to stand aside before he is sworn.

3. It is the duty of the court to see that a competent, fair and impartial jury are impannelled on the trial of criminal actions.

4. Objection to an order directing the sheriff to summon a special venire of persons possessing particular qualifications, or to any alleged irregularity in the formation of a jury, or to the right of the state to challenge for cause, must be taken before verdict and *in apt time.*

(*State* v. *May,* 4 Dev , 328 ; *State* v. *Duncan,* 6 Ire., 236 ; *State* v. *White,* 68 N. C., 158 ; *State* v. *Crawford,* 2 Hay., 485 ; *State* v. *Douglass,* 63 N. C., 500 ; *State* v. *Ward,* 2 Hawks., 443 ; *State* v. *Davis, ante,* 412, cited and approved.)

INDICTMENT for Murder tried at Fall Term, 1878, of YANCEY Superior Court, before *Gudger, J.*

The prisoner and one Edward Boon were indicted for the murder of John S. Woodfin, the latter as having done the killing, and the prisoner as being present, aiding and abetting. The case states that His Honor instructed the sheriff in executing the writ of *venire facias* to summon such men only as were freeholders and had paid their taxes for the last year, and in selecting the jury challenges were allowed both to the state and to the prisoner, because those challenged were not freeholders, or had not paid their taxes.

One of the jurors was called and passed without challenge to the prisoner, and was tendered and accepted by him. On coming to the book to be sworn, he stated that he was related both to deceased and prisoner; thereupon and at his request the court directed him to stand aside, and declined to allow him to serve as a juror. Prisoner excepted.

It was in evidence that Edward Boon was present at the time of the homicide, and there was some evidence that he shot the deceased. And on cross-examination of a witness for the state, the prisoner proposed to prove that about a half hour after the shooting, on the same night, and as the witness and said Edward Boon were on their way home, Edward Boon said he shot deceased because he was trying to cut him with a knife. This evidence was objected to, and ruled out. Prisoner excepted.

After the verdict of guilty, the prisoner moved for a new trial on the exceptions above stated, and also, because of the instructions given to the sheriff in summoning the special venire. The prisoner exhausted his peremptory challenges before a jury were obtained, and two jurors were sworn after his challenges were exhausted, and he insisted that the order to summon freeholders and such as had paid taxes was to his prejudice, as it might have been otherwise had the order not been given. The rule for a new trial was discharged, and judgment pronounced, from which the prisoner appealed.

*Attorney General,* for the state.

*Messrs. Reade, Busbee & Busbee,* for the prisoner.

ASHE, J. After the prisoner was found guilty by the jury, a rule was obtained in his behalf for a new trial on the following grounds—(1) because proper evidence had been rejected, (2) because a juror was made to stand aside and was not allowed to serve on the jury after he had been tendered and accepted by the prisoner, but before he was sworn, he being related to prisoner and deceased, and (3) because when the order was made for a special venire, His Honor instructed the sheriff to summon only freeholders and such as had paid their taxes for the last year. Rule discharged.

The first exception to the ruling of the court,—the declaration of Edward Boon that he had shot the deceased was inadmissible, is overruled. There was no error. The evidence was properly rejected. It was only hearsay, and if admitted could not have disproved the guilt of the prisoner. *State* v. *May,* 4 Dev., 328 ; *State* v. *Duncan,* 6 Ire., 236 ; *State* v. *White,* 68 N. C., 158.

The second exception is equally untenable. It is the duty of the court to see that a competent, fair and impartial jury are impannelled, subject to the right of the prisoner to peremptory challenges. *McCarty* v. *The State,* 26 Miss., 299 ; *State* v. *Marshall,* 8 Ala., 306 ; *Montague* v. *Com.,* 10 Gratt., 767 ; Whar. Cr. Law, § 3,139.

The other ground for a new trial, and the only one seriously urged by the prisoner's counsel in this court, was, that when the order was made for a *venire facias* the judge instructed the sheriff to summon only freeholders and such persons as had paid their taxes for the *last year.* It was insisted here that the prisoner was entitled to a new trial on account of this irregularity ; that while it was conceded that ordinarily the proper course for the prisoner to take would be to challenge the array, yet in this case it could not have

been done, because the court had undertaken to instruct the sheriff whom to summon, to-wit, freeholders, &c.; that in England if there was cause of challenge to the sheriff, the process shall be directed to the coroner, and if any against the coroner, then the court shall appoint elisors against whose return no challenge shall be made to the array, because they were appointed by the court, and the directions given to the sheriff in this case to summon freeholders, &c., was the act of the court, and therefore the prisoner could not challenge the array. This we think is an unwarranted inference. In our case there was no cause of challenge to the sheriff; nor was he appointed by the court. The order to summon the venire was regular. The sheriff was not bound to obey the oral instructions given him by the judge, and in fact he did not do so, for the prisoner challenged some of the special venire on the ground that they were not freeholders. He complains that he exhausted his peremptory challenges before a jury were obtained, and two jurors were sworn after his challenges were exhausted, and alleges as ground for a new trial that the instructions of the court directing the venire to be of freeholders and tax payers was to his prejudice by causing him to exhaust his challenges before a jury were obtained, when it might have been otherwise, had the directions not been given to the sheriff. The prisoner certainly had no ground to complain that the persons summoned had paid their taxes for the preceding year, and it is very probable there would not have been two jurors sworn after he exhausted his peremptory challenges, if he had not challenged some of them because they were not freeholders.

The act of 1868, ch. 9, § 1, prescribes as a qualification for jurors that they should have paid their taxes for the last year and be of good moral character and of sufficient intelligence. In the view we take of this case, it is unnecessary to consider the constitutional question raised on the argu-

ment before us,—whether the freehold qualification for jurors on a special venire has been abolished. For if the sheriff had strictly carried out the verbal instructions given him by His Honor, and all the persons summoned by him on the venire had been both freeholders and those who had paid their taxes for the last year, they would have been competent jurors because they possessed the requisite statutory qualifications, and their being freeholders could not affect their competency.

But the prisoner alleges that there was error in allowing the state to challenge jurors because they were not freeholders. He has no just ground for complaint on that account. He gave his tacit consent to the error, if it be one, by not taking exception at the time, and by exercising the same right himself. He further insists that the sheriff should have summoned on the venire only such persons as were on the jury list. There is nothing in this objection, because it does not appear from the record but that every person summoned was on the jury list; if the law requires it to be done, it is to be presumed in the absence of proof to the contrary that the sheriff did his duty.

Conceding that the objections raised by the prisoner are tenable, he has no right to a new trial. His objections were not made in apt time. When the court gave the instructions to the sheriff as to the kind of persons he should summon, the prisoner ought then to have excepted; then on the return of the sheriff, he ought to have challenged the array; and when the state challenged a juror because he was not a freeholder, he ought at the time to have excepted to that; but having failed to do so, he has waived his right of taking exceptions, and they will not be allowed after verdict, only in the discretion of the court. *State* v. *Crawford*, 2 Hay., 485; *State* v. *White*, 68 N. C., 158; *State* v. *Douglas*, 63 N. C., 590; *State* v. *Davis*, ante, 412, and the authorities there cited. The law will not allow a party to sit by and silently acquiesce in

irregularities in the formation of a jury, and then after conviction raise objections and thereby take a double chance. *State* v. *Ward*, 2 Hawks, 443; 1 Bish. Cr. Pro., § 807, and notes. There is no error. Let this be certified, &c.

PER CURIAM.                                              No error.