## CALVIN McGEHEE *v.* THE STATE.

ASSAULT.   *With intent to kill and murder. Mistake as to person assaulted. Section 2711, Code 1880.*

    He who, intending to kill and murder his enemy, mistakes in the dark a friend for such enemy, and assails with a deadly weapon and dangerously wounds his friend, but desists from the attack upon discovering the mistake, is guilty of an assault "with intent to kill and murder" within the meaning of § 2711 of the Code of 1880, which provides that "Every person who shall be convicted of an assault or assault and battery upon another with any deadly weapon, with intent to kill and murder such other person, shall be punished" with the penalty therein prescribed.

APPEAL from the Circuit Court of Amite County.

HON. J. B. CHRISMAN, Judge.

The case is stated in the opinion of the court.

*W. P. Cassedy,* for the appellant.

It is clear that the defendant did not *intend* to kill and murder the person whom he is indicted for assaulting with intent to kill. The statute requires the indictment to charge the *specific intent* to kill and murder a *specific person.* And when the proof fails to make out such a case, but, to the contrary, demonstrates the want of the intent against the person named in the indictment, there can be no legal conviction. Code 1880, § 2711; *Morgan* v. *State,* 13 S. & M. 242; *Jones* v. *State,* 11 S. & M. 315; *Barcus* v. *State,* 49 Miss. 17; *Hairston* v. *State,* 54 Miss. 693.

*T. S. Ford,* Attorney General, for the State.

There is a plain distinction between the cases cited by counsel for appellant and the case at bar. In the cases cited the shot or blow aimed at one party accidentally fell on another; in this case the blow fell where it was aimed. McGehee admits that he intended to kill the man whom he stabbed in the dark. That man was Thompson.

"If, intending to murder A, and supposing B to be A, a person shoots at and wounds B, he may be convicted of wounding B with intent to murder him." 1 Russ. on Crimes, 1001–2; 11 Whart. on Crim. Law, § 1279; *Regina* v. *Smith,* 33 Eng. Law and Eq. 567.

Arnold, J., delivered the opinion of the court.

Appellant was convicted of assault with intent to kill and murder Levi Thompson and sentenced to one year's imprisonment in the penitentiary. At a public gathering about twelve o'clock at night one George Morris had a difficulty with appellant's brother and cut and seriously wounded him. Afterward Morris started home and appellant followed him, intending, it seems, to avenge the injury suffered by his brother. It was a very dark night, and appellant overtook Levi Thompson in the road, who had started before him, going in the same direction, and, supposing him to be George Morris, cut and dangerously wounded him with a knife. As soon as Thompson was struck he spoke, and appellant desisted and ran rapidly away. It was so dark that Thompson could not see or tell who it was that struck him. On the next morning appellant admitted that he was the person who cut Thompson, and said he thought he was cutting George Morris; that he did not intend to cut Thompson and was sorry he had mistaken him for Morris, and that if it had been Morris he would have cut him to pieces. Appellant and Thompson were the best of friends and there had never been any difficulty between them before.

It is urged for appellant that the intent charged was not proved.

Thompson was the only person in reach of appellant at the time he committed the offense with which he is charged. He intended to assault that person with a weapon which the jury found to be a deadly weapon. His blows did not miss the object at which they were aimed. He may not have intended to kill Thompson, but he was properly convicted if he intended to kill the man at whom the knife was directed. The evil and specific intent to strike the form before him at the time is manifest, and that form proved to be Thompson. That there was a mistake as to the identity of the person intended to be injured constitutes no defense. If appellant did to Thompson what he intended to do to Morris, he is as guilty under the statute as if no mistake had been made. 2 Whart. Cr. Law, § 1279; 1 Russ. on Crimes, 1001, 1002 (ninth ed.); *Regina* v. *Smith*, 33 Eng. Law and Eq. 567; *Regina* v. *Lynch*, 1 Cox C. C. 361.

And this is not in conflict with the settled doctrine in this State that on a charge under the statute of assault with a deadly weapon, with intent to kill and murder a particular person, it is necessary to prove the specific intent as laid in the indictment. There is no error in the record.

*The judgment is affirmed.*