## JOSEPH WYNN v. THE STATE.

HOMICIDE.  *Aiding and abetting.  Case in judgment.*

If W. lends A. a pistol and a short time afterward A. kills M., and W. is present at the killing, and just before the firing exclaims to A., "Shoot him," and just after the firing, "Shoot him again," then W. is an aider and abettor of the crime, and under § 2698, Code of 1880, is guilty as principal, even though W. supposed that A. was shooting at J. and not at M.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

One Atkinson killed McPherson. Joseph Wynn was present at the killing, and loaned Atkinson the pistol with which the homicide was committed. Atkinson and Wynn were jointly indicted for murder, but there was a severance of their cases. Wynn was put upon trial, and the evidence adduced was voluminous and somewhat contradictory. The evidence of some of the witnesses was to the effect that Wynn was near by when Atkinson shot McPherson, and exclaimed, "Shoot him," and after Atkinson had shot him, exclaimed, "Shoot him again;" and that he must have known that McPherson was to be and was the victim of the shooting. But the evidence of other witnesses tended to show that Wynn lent Atkinson his pistol for the purpose of shooting one Johnson, with whom Atkinson had previously had a difficulty, and not for the purpose of shooting McPherson, and that he said nothing to encourage the shooting of either Johnson or McPherson.

The third, fourth, and fifth instructions for the State were as follows: (3) "If the jury believe from the whole evidence that defendant aided, assisted, and encouraged Atkinson in killing McPherson, then he is as guilty as Atkinson, and the jury should so find;" (4) "If the jury believe from the evidence that defendant was present at the time of the killing of the deceased, with intention to aid and abet in the murder of deceased if his assistance became necessary, then defendant is guilty as the one doing the killing, though he actually rendered no assistance in such homicide;" (5) "If the jury believe from the whole evidence that defendant furnished Atkinson with a pistol to shoot Ralph Johnson and Mc-

Pherson should he, Atkinson, become engaged in a controversy with either, and that after so furnishing him with pistol defendant was present at the time of the killing of the deceased, with the intention to aid and abet Atkinson in killing either Johnson or McPherson or both, if his assistance should become necessary, then defendant is as guilty as Atkinson, and the jury should so find."

Wynn was convicted of manslaughter, and appealed to this court.

*Shands & Johnson,* for the appellant.

The fourth charge for the State is erroneous in omitting the necessary qualification, that defendant was present at the difficulty according to a previous understanding or agreement expressed or implied with the slayer, Atkinson. If there was no previous understanding between Atkinson and Wynn, but a difficulty suddenly arose between Atkinson and deceased, in which Atkinson killed him, in which difficulty Wynn took no part, rendered no " assistance" in the language of the charge, though standing by, Wynn is not guilty of the homicide, no matter what intentions he may have harbored in his mind. The crime in that case could in no manner be consequent on Wynn's intentions. Criminal intent alone is not punishable. The aider and abettor, who is present at the killing and takes no part, is one who has a common purpose with the chief actor. He must be an accomplice. *Commonwealth* v. *Knapp,* 9 Pickering 436 ; 20 Am. Dec. 491; 1 Russell on Crimes 26, marginal page, and following ; *State* v. *Hildreth,* 51 Am. Dec. 369 ; 1 Wharton's Criminal Law 116.

The fifth charge for the State is erroneous because : 1st. It does not clearly state the necessity of criminal intent on the part of defendant, or it is calculated to lead the jury to believe that act a crime which the law does not so stamp. 2d. It states that the defendant is as guilty as Atkinson in three alternative supposed state of facts, under one of which the law recognizes no guilt. We will discuss our objections *seriatim.*

1. " That defendant furnished Atkinson with a pistol to shoot Ralph Johnson and McPherson should he, Atkinson, become engaged in a controversy with either," does not necessarily criminally

connect defendant with the homicide afterward committed by Atkinson with the pistol. It does not necessarily mean that Wynn at all participated in the purpose for which the pistol was furnished. This language may mean that defendant furnished Atkinson the pistol with which he, Atkinson, intended to do the shooting ; or that defendant, intending that Atkinson should do the shooting, furnished him the pistol. Under the first meaning there is certainly no offense.

But, again, conceding that we are wrong in this position, and that the language necessarily implies participation by the defendant in the purpose for which the pistol was furnished Atkinson, does the charge state an unlawful purpose? The purpose as stated is "to shoot Johnson and McPherson should he, Atkinson, become engaged in a controversy with either." Does this mean that Atkinson was to seek the controversy, or that he was to use the weapon in his defense in a controversy forced upon him by these parties? We affirm that this language means that the pistol was furnished to be used in case of an accidental controversy. It does not mean that there was any specific intent against the lives of these parties, nor that the weapon was to be used in an unlawful manner. The previous preparation of deadly weapons can only be considered in cases of homicide, when it appears, or may reasonably be inferred, they were obtained for an unlawful use in the fatal difficulty. *Ex parte Wray,* 30 Miss. 675 ; *Long* v. *The State,* 52 Miss. 23.

2. The charge then states to the jury that after having so furnished Atkinson with the pistol, Wynn's presence at the killing " with the intention to aid and abet Atkinson in killing either Johnson or McPherson, or both, if his assistance should become necessary," would make defendant as guilty as Atkinson, and the jury should so find. This part of the charge is open to the objection which we fully presented to the State's fourth charge. But conceding, for argument's sake, that this objection does not apply, that the language means that Wynn was present in pursuance of an understanding or agreement with Atkinson, then the jury are told that the defendant is equally guilty, whether the killing was in pur-

suance of the agreed unlawful purpose or not; that if he agreed with Atkinson to assist in killing Johnson, and was present to aid in that undertaking, he would be guilty of the homicide of McPherson, though he did not contemplate this crime, and in no wise participated in its commission. An unlawful conspiracy between Atkinson and Wynn against the life of Johnson would make the defendant guilty, according to this charge, of any unlawful killing that Atkinson might commit in his presence, and his guilt in any event is to be measured by that of Atkinson. The killing of McPherson, under all the proof, is the result of an entirely different criminal intent from that of taking the life of Johnson. The specific intent against McPherson, under the supposed state of facts set out in the charge, is absolutely necessary to the guilt of this defendant. In addition to the authorities cited under our discussion of the State's fourth charge, we call the attention of the court to the following: 1 Wharton Cr. Law, § 134; *Morman* v. *State,* 2 Cushman 54; *Morgan* v. *State,* 13 S. & M. 242.

*Eugene Johnson,* for the appellant, argued the case orally.

*T. M. Miller,* Attorney General, for the State.

The instruction for the State, to the effect that if the appellant was present at the killing of McPherson with the *intention* to aid and abet in the homicide of either Johnson or McPherson, he was guilty of participation in the crime committed by Atkinson, is clearly sustained by the decision in the case of *McCarty* v. *State,* 26 Miss. (4 Cush.) 299.

The instructions were entirely applicable to the evidence, which, under the law as charged by the court, well warranted the verdict rendered by the jury.

The Attorney General also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

The mere presence of appellant at the homicide would not of itself render him criminal; for, as it is said by an approved author, "In order to render a person an accomplice or a principal in felony, he must be aiding and abetting at the fact, or ready to afford assistance, if necessary; and therefore if A. happeneth to be

present at a murder, for instance, and taketh no part in it, nor endeavoreth to prevent it, nor apprehendeth the murderer, nor levyeth hue and cry after him, this strange behavior of his, though highly criminal, will not of itself render him either principal or accessory." Foster's Crown Law 350.

Aiding and abetting is defined to be, "the offense committed by those persons who, although not the direct perpetrators of a crime, are yet present at its commission, doing some act to render aid to the actual perpetrator." Bouvier's Law Dictionary. And such aiding and abetting may be manifested by acts, words, signs, motions, or any conduct which unmistakably evinces a design to encourage, incite, or approve of, the crime, or even by being present, with the intention of giving assistance, if necessary, though such assistance may not be called into requisition. Whart. on Hom., § 333 ; *McCarty* v. *The State*, 26 Miss. 299; *Brennan* v. *People*, 15 Ill. 511.

Now, if appellant, as some of the witnesses testified, furnished Atkinson with a pistol a short time before the killing, and was present, or near by, at the commission of the homicide soon afterward, and shouted to Atkinson just before the pistol was fired, "Shoot him," and just after the pistol was fired, "Shoot him again," it is impossible to see how appellant could be less than an aider and abettor of the crime, and *guilty as principal*.

And under these circumstances, if it be true, as indicated by some of the testimony, that appellant supposed that Johnson, instead of McPherson, was to be shot, and was shot, at the time the exclamations above referred to were made by appellant, he would still be guilty. 1 Whart. Cr. L., § 712 ; *McGehee* v. *The State*, 62 Miss. 772.

There is no error in the instructions for the State.

*The judgment is affirmed.*