GARNER *v.* STATE

No. 40117 May 7, 1956 87 So. 2d 80

*Grayson B. Keaton,* Picayune; *Morse & Morse,* Poplarville, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

The appellant, Willie Mae Garner, was convicted of assault and battery with intent to kill and murder one Dock Jefferson, and sentenced to serve a term of four years in the state penitentiary. On this appeal she assigns as error that (1) certain remarks of the district attorney in his closing argument to the jury amounted to a comment upon the failure of the defendant to testify

in her own behalf; and (2) that there was a fatal variance between the indictment, the proof, and the instructions of the court.

The remarks of the district attorney complained of were in the following language, to-wit: "This morning when the jury was being selected there was talk of it being an accident. We submit that there has been no testimony whatever about an accident." Thereupon a motion was made for a mistrial to be entered, and the trial judge then stated into the record that when the jurors were being questioned to test their qualifications to serve in the case, one of the attorneys for the defendant asked, in substance, the following question: "Q. If the prosecuting witness himself, the man who was cut, Dock Jefferson, tells you that the cutting was an accident, would you acquit her?"

 █ We are of the opinion that these remarks of the district attorney did not constitute a comment on the failure of the defendant to testify, and that what he said was a substantially correct statement in regard to what had transpired. In fact there was no testimony to show that the defendant accidentally cut anyone; she did the cutting wilfully, thinking that the victim was a different man, according to what she later told an officer. Dock Jefferson was questioned as a witness in regard to whether or not he believed that the defendant intended to cut him, and whether or not he didn't tell one of the defendant's attorneys that he didn't believe she had any intention of cutting him, and his answer was in the affirmative. He was then further asked: "Q. You told me you didn't believe she intended to cut you, didn't you? A. Yes, sir, she told me that." But when the testimony of the State is considered as a whole, it discloses that while Jefferson and the defendant were in the cafe of Lettie Thomas, and after he had ordered a plate lunch for himself, the defendant came up from behind him and cut him under the left jaw with a knife,

leaving a wound about three or four inches long; and that Lettie Thomas, after serving Jefferson with the plate lunch, went on the outside of the cafe and was sitting on a bench when she heard a "rumbling and about that time she (meaning the defendant, Willie Mae Garner) came out the door and I said, 'Did you cut that man,' and she said, 'Yeah.'" "Q. What was she doing at that time? A. Nothing. Q. Well, was she leaving? A. Oh, yes, sir, she was leaving."

Referring again to the testimony of Dock Jefferson, after he had stated that the defendant had approached him from behind and cut him without any warning, he stated: "When I knowed anything she whacked me," but that there had been no words between them and that they had been good friends.

The constable of the district testified that when he investigated the occurrence, he found that Dock Jefferson had a bad cut on one side of his neck, and that "it was lying wide open and doctors were in there fixing to sew it up". He was then asked about a conversation that he had had with the defendant, Willie Mae Garner, and was asked to state "whether she had told you she cut this boy, Dock Jefferson," and he replied, "She said she cut him". The officer further testified that the defendant told him "she bought the knife that morning with the intention of killing Richard Johnson * * *. Q. What explanation did she give you for cutting this man, Dock Jefferson? A. She said she thought she was cutting Richard Johnson."

■■■ The foregoing is a summary of the material testimony in the case. Since there was no proof to show that the defendant bore any ill will toward Dock Jefferson, it would appear from all the facts and circumstances that the defendant intended to kill and murder the man whose throat she was cutting with the knife, but that it was a case of mistaken identity and that she wilfully, feloniously and with malice aforethought committed the

unlawful act thinking that she was cutting Richard Johnson. For that reason it is contended by the appellant that the proof fails to show that she intended to kill and murder Dock Jefferson, as charged in the indictment, and that such variance was fatal.

The indictment charges that the act was contrary to Section 2011, Code of 1942, the pertinent part of which reads as follows: "Every person who shall be convicted of * * * assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder * * * such other person; *or in the attempt to commit any murder* * * *, or other felony; * * * shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year, or by both." (Italics ours).

Among other cases relied on by the appellant is that of Morgan v. State, 13 S. & M. 242, wherein Morgan was charged with shooting James Foster with the intent then and there to kill and murder James Foster. The proof showed that the defendant either shot into a crowd and hit Foster or that he shot at one Lofton and missed him and hit James Foster. In that case the Court said: "An essential ingredient of the offense created by the section of the statute above quoted, and charged in the indictment, is the specific intent of killing the person shot at. * * *." In the instant case, it seems clear that the appellant intended to kill the person at the table whom she approached from behind and cut with the knife and that she merely mistook him for Richard Johnson, the proof showing that the two men were about the same color and size; that she intended to kill and murder the person at the table by cutting his throat in approaching him from behind; and that that person proved to be Dock Jefferson instead of Richard Johnson.

In the case of Gentry v. State, 92 Miss. 141, 45 So. 721, the defendant Gentry was indicted for assault and battery upon R. H. Dale with intent to kill and murder the said R. H. Dale. The proof showed that the defendant fired his shotgun into a crowd where Dale was, and there was nothing to show any reason or motive for shooting Dale. The testimony showed that the defendant fired into a crowded wagon and that he committed the unlawful act in utter disregard of human life, not caring who he might kill. The Court said: ''This is a particular indictment for an assault upon Dale with a double-barrel shotgun with intent to kill and murder the said Dale. There can be no conviction under such an indictment as this unless the specific intent to kill and murder the person named in the indictment is assaulted as shown by the testimony.'' In the instant case, the testimony shows that Dock Jefferson was assaulted wilfully and deliberately, even though his assailant mistook him to be someone else. The Court further said in the opinion in the Gentry case that ''if the indictment had have been drawn as it should have been there would have been no legal question in the case. It should have charged that he shot into a wagon wherein were Dale and divers other persons, with the intent of killing one or more of the occupants, not caring which, and in fact shot Dale.''

Without prolonging this opinion by a discussion of the numerous other similar cases relied on by the appellant, we think it sufficient to say that this case is distinguishable from them in that the defendant did not assault Richard Johnson in an effort to kill him by cutting his throat and while doing so unintentionally cut Dock Jefferson. The said Richard Johnson was not in the cafe, so far as the testimony shows, at the time the defendant made the felonious assault on Dock Jefferson. In the instant case, she inflicted the knife wound on the body of the person whom she was then assaulting, even though she committed the unlawful act while think-

ing that the person being assaulted with the knife was someone else.

In the case of McGehee v. State, 62 Miss. 772, the defendant became angry at one Morris at a public gathering, and when the latter started home the defendant followed him. Instead of overtaking Morris he overtook one Thompson who was going in the same direction as Morris, and supposing Thompson to be Morris the defendant cut and dangerously wounded him. Since Thompson was the only person within reach of the defendant at the time he committed the offense with which he was charged, and he intended to assault the person whom he did actually cut, the court held that the defendant was properly convicted if he intended to kill the man against whom he was weilding the knife. In that case, as in the case at bar, the defendant was merely mistaken as to the identity of the person whom he was assaulting. Therein the Court said: "Thompson was the only person in reach of appellant at the time he committed the offense with which he is charged. He intended to assault that person with a weapon which the jury found to be a deadly weapon. His blows did not miss the object at which they were aimed. He may not have intended to kill Thompson, but he was properly convicted if he intended to kill the man at whom the knife was directed. The evil and specific intent to strike the form before him at the time is manifest, and that form proved to be Thompson. That there was a mistake as to the identity of the person intended to be injured constitutes no defense. If appellant did to Thompson what he intended to do to Morris, he is as guilty under the statute as if no mistake had been made. 2 Whart. Cr. Law, Sec. 1279; 1 Russ. on Crimes, 1001, 1002 (ninth ed.); Regina v. Smith, 33 Eng. Law & Eq. 567; Regina v. Lynch, 1 Cox C. C. 361. And this is not in conflict with the settled doctrine in this State that on a charge under the statute of assault with a deadly weapon, with intent to kill and

murder a particular person, it is necessary to prove the specific intent as laid in the indictment. There is no error in the record.'' That case is cited in Wynn v. State, 63 Miss. 260.

 █ We are of the opinion that this case was properly submitted to the jury against the defendant for wilfully, unlawfully, feloniously and with malice aforethought cut with the intent to kill and murder the person actually assaulted, █ and that the proof was ample to support the verdict.

The conviction and sentence of the appellant must, therefore, be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.*, concur.