RODGERS, Presiding Justice.
The defendant was indicted in this case for assault and battery with intent to kill and murder Joe A. Parker and was convicted in the Circuit Court, Chickasaw County, Mississippi, Second Judicial District, April Term, 1971. He was sentenced to serve eight (8) years in the Mississippi State Penitentiary. From this sentence and judgment he has appealed to this Court.
The indictment, leaving off the formal parts, is in the following language:
“. . . Upon their oaths present: That ARTHUR BRANDON late of the County aforesaid, on the 26th day of July, 1970, in the County aforesaid, in and upon one Joe A. Parker then and there did feloniously commit an assault and battery with a certain deadly weapon, to-wit: a pistol, and with the said pistol did then and there wilfully and fe-loniously shoot and wound the said Joe A. Parker with intent him the said Joe A. Parker wilfully, feloniously and of malice aforethought to kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.”
This indictment was drawn under Mississippi Code 1942 Annotated, Section 2011 (1956).
The testimony showed that on or about eleven o’clock in the evening on July 25, 1970, appellant and Willie James (Teddy) Keys had an argument in Lonnie Seals’ house, which was a so-called “Juke joint.” Appellant fired the pistol which he was carrying and the owner of the house pushed appellant out of the door of the house. Upon being forced out of the house, appellant told Keys’ father, “. . you don’t carry that damn Teddy tonight, I am going to kill that black son-of-a-bitch.” About one o’clock A.M. as Joe Parker was coming out of the house, he was shot by appellant. There had been no trouble between Parker and Brandon on that night nor at any other time. However, since Parker and Keys were about the same size, wore their hair in a similar fashion, and both were wearing blue shirts that evening, appellant apparently shot Parker thinking that he was Keys.
Appellant admits firing the pistol inside the house and also firing two shots “toward the house” while standing outside. He also stated that after he fired the shots, he was told that somebody got shot. His reason for firing was that “. somebody looked like they was shooting at me. . . .”
No evidence was introduced to show that the defendant had any intent to shoot Joe A. Parker, but, on the contrary, the evidence showed that he had none. In fact, the state’s entire theory in the trial of the case was that the defendant mistook Joe A. Parker for Willie James (Teddy) Keys and shot Joe A. Parker, thinking that he was shooting Willie James (Teddy) Keys.
At the conclusion of the state’s case the defendant moved the court for a directed verdict of not guilty on the ground that the proof had wholly failed to show an intent on the part of the defendant to kill or murder Joe A. Parker; that the testimony was entirely at variance with the indictment which charged the crime of assault and battery with intent to kill and murder Joe A. Parker; and that in truth the testimony of the state had negated any intent to kill or murder Joe A. Parker. This motion was overruled by the court.
*562 At the conclusion of all the testimony in the case, the defendant again moved the court to peremptorily instruct the jury to return a verdict of not guilty on the ground that the state had wholly failed to prove the necessary intent on the part of the defendant to kill and murder Joe A. Parker as charged in the indictment and that all of the evidence was in conflict with the indictment. This motion was also overruled by the court.
The questions to be determined on appeal are:
(1) Was there a fatal variance between the indictment and the evidence offered to prove the charge laid in the indictment ?
(2) Did the trial court commit reversible error by granting an instruction which stated that the deliberate use of a deadly weapon was evidence of malice?
The appellant has cited as authority for his motion for directed verdict on the first issue, the case of Barnette v. State, 252 Miss. 652, 173 So.2d 904 (1965). In Barnette the defendant intended to cut one Joe Gibson, but apparently thought Charles Windom was Joe Gibson. Charles Windom dodged and the blow passed over him, but took effect upon Ira G. Hoye who was seriously wounded. The grand jury indicted the defendant for assault and battery with intent to kill and murder Hoye, the person actually cut. This Court held that the intent to kill and murder could not be transferred to another person who was accidentally cut, since there was no intent to injure the person actually injured.
The state cited the case of Garner v. State, 227 Miss. 840, 87 So.2d 80 (1956). In that case the defendant Willie Mae Garner, a woman, went up behind one Dock Jefferson and cut him on the jaw. They had been good friends and she said she thought he was Richard Johnson. This Court upheld the testimony on the indictment in which she was charged with assault and battery with intent to kill the man she cut, Dock Jefferson. We held that there was no variance between the testimony showing that she thought she was cutting Richard Johnson and the charge in the indictment that she intended to kill the man she cut, Dock Jefferson. We based our opinion in Garner upon the fact that defendant cut the person she intended to cut, although she was mistaken in the identity of the person she actually cut.
There is no conflict between the holding of this Court in the Barnette and Garner cases.
The rule is this: If “A” shoots or cuts “B” with the unlawful intent to kill “B”, he is guilty of assault and battery with intent to kill and murder “B”, although he thought that he was shooting “C”, a third party. On the other hand, if “A” shoots at or cuts at “B” with the unlawful intent to kill “B” (although he thought “B” to be another) but misses “B” and actually injures “C”, the unlawful intent is not transferred by the law to “C”. In that case, the indictment must charge assault and battery with intent to kill “B” but did, in fact, wound or injure “C”.
There was no variance between the charge in the indictment and the testimony offered by the prosecution in the instant case, therefore, the objection to the testimony is not well taken.
The granting of an instruction that the deliberate use of a deadly weapon was evidence of malice was an error. Where all the facts are in evidence, this instruction should not be granted. Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963).
In the instant case, however, the defendant offers no excuse or justification for shooting the prosecuting witness, except that he thought somebody was shooting at him. The testimony offered by the defendant indicates his guilt and the instructions for the state other than the erroneous instruction as to malice are proper. We hold, therefore, that the erroneous in *563 struction is not, in this case, sufficient to require a reversal of the judgment and sentence of the appellant. The judgment of the trial court is, therefore, affirmed.
Affirmed.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.