## STATE v. ROBERT JONES.

*Juror Challenging—Evidence—Indictment.*

1. A juror was passed to the prisoner who challenged him for cause, and on *voir dire* he stated he had formed and expressed the opinion that the prisoner was not guilty, and the court then allowed the challenge of the state and directed the juror to stand aside; *Held* not to be error.

2. Declarations of one who had made threats against the deceased on the night of the homicide are hearsay and not admissible in evidence.

3. A defect in an indictment in stating the time imperfectly, where it is not of the essence of the offence, is cured by statute. Bat. Rev., ch. 33, § 66.

(*State* v. *Adair*, 66 N. C., 298; *State* v. *Duncan*, 6 Ire., 236; *State* v. *May*, 4 Dev., 328, cited and approved.)

INDICTMENT for Murder tried at Fall Term, 1878, of EDGECOMBE Superior Court, before *Seymour, J.*

The prisoner was charged with killing one Rudolph Eaton on the 25th of December, 1877, and the exceptions taken on the trial were as follows :—

1. A juror was called and passed by the state to the prisoner without challenge. He was challenged by the prisoner for cause and on being asked by prisoner's counsel if he had formed and expressed the opinion that the prisoner at the bar was guilty, he answered that he had,—that the prisoner was not guilty. The state then challenged him, and the court held that he was not impartial, and directed him to stand aside.

2. The prisoner offered to prove that about 11 o'clock on the night of the 25th of December, one Freeman got a pistol from one Gordon, saying deceased had shivered his arm, and he was going to hunt him up, and that Freeman absented himself thereafter and did not return until after prisoner was convicted of the murder of deceased. The state objected and the evidence was excluded.

3. A motion in arrest was made, for that, the bill charged that deceased died on the 26th of December, 1878, instead of 1877. Motion overruled. Verdict of guilty, judgment, appeal by prisoner. (See same case, 79 N. C., 630.)

*Attorney General*, for the state.
No counsel in this court for prisoner.

ASHE, J. The first exception taken was to the ruling of His Honor in allowing a juror to be challenged by the state after he had been passed to the prisoner, and while he was under examination by the prisoner upon his *voir dire* as to the cause of challenge. We are of opinion there was no error in this ruling. The juror stated that he had formed and expressed the opinion that the prisoner was not guilty. He was therefore not an impartial juror, and without a challenge by the state, it was the right and duty of the court to stand aside such juror at any time before the jury were impannelled and charged with the prisoner. *State* v. *Boon, post* —, and authorities there cited ; *State* v. *Adair*, 66 N. C., 298 ; *State* v. *Ward*, 39 Ves. 225.

2. His Honor refused to admit testimony that one Freeman about eleven o'clock on the night the murder was committed got a pistol from one Gordon, saying deceased had shivered his arm and he was going to hunt him up, and that Freeman absented himself thereafter and did not return until after prisoner was convicted of the murder. The admission of this testimony was properly refused. It was

but hearsay and did not tend to disprove the guilt of the prisoner. *State* v. *Duncan,* 6 Ire., 236; *State* v. *May,* 4 Dev., 328.

3. The prisoner moved in arrest of judgment because in one of the counts of the indictment it is charged that the deceased died on the 26th of December, 1878, instead of 1877. This defect is expressly cured by the act of 1811. Bat. Rev., ch. 33, § 66. There is no error. Let this be certified to the court below that further proceedings may be had agreeably to this decision and the laws of the state.

