STATE v. LEWIS KILGORE, Jr.

## *Indictment—Murder—Jurors—their Competency—Practice— Evidence.*

1. When on the trial of an indictment, a juror is challenged for cause, triers are now dispensed with, and the Judge determines the facts, and the legal sufficiency of the challenge; and the finding of the facts by the Judge is not reviewable in this Court.

2. When a juror, challenged by the defence, says he has formed and expressed the opinion that the prisoner is guilty, but stated further that his mind was fair and unbiassed, and that he could hear the evidence and render a verdict without being in any degree influenced by what he had heard or said; *Held,* that he was a competent juror.

3. The only qualification required of jurors summoned under a special writ of *venire facias,* is that they shall be freeholders of the county wherein the trial is had. It is no cause of challenge that such juror has served on the jury within two years, or has not paid his taxes for the preceding year.

4. When three prisoners are on trial, charged, as principals or accessories, with the same offence, the declarations of one not made in the presence of the other two, are evidence against him; and when the Court remarked distinctly in the hearing of the jury, that it was not evidence against the other two, and that the jury would be so instructed, but the Judge failed to notice it in his charge, and the counsel for prisoner failed to call attention to it; *Held,* that the remark of the Judge was equivalent to an instruction to the jury, the attention of the Court not having been called to it by the counsel.

5. Where there is an abuse of privilege by counsel in addressing the jury, it is cured by the Court at the time correcting it, and it is not error if the presiding Judge does not advert to it in his charge.

(*State* v. *Collins,* 70 N. C., 241; *State* v. *Wincroft,* 76 N. C., 38; *State* v. *Garland,* 90 N. C., 668; *State* v. *Whitfield,* 92 N. C., 831; *Wilson* v. *White,* 80 N. C., 280; *State* v. *Matthews, Ibid.,* 417; *State* v. *Braswell,* 82 N. C., 693, cited and approved).

Indictment for MURDER, tried before *Gilmer, Judge,* and a jury, at Spring Term, 1885, of the Superior Court of Henderson county.

There was a verdict of guilty, and from the judgment thereon the defendant appealed. The facts appear fully in the opinion.

*The Attorney General,* for the State.

No counsel for the defendant.

SMITH, C. J. The indictment consists of three counts, in the first of which the prisoner, Lewis Kilgore, Jr., is charged as principal in the first degree, with committing the criminal act of the murder of Matt. Henderson; and Henry Robinson and John Corpening as being present, aiding and abetting, and, in the other counts the said Henry Robinson and John Corpening, are severally charged with the homicide, and the others as aiding and abetting. On their plea of not guilty, they were jointly tried, and a verdict rendered convicting the prisoner Kilgore, and acquitting the others of the imputed offence. From the judgment rendered against the former, he appeals to this Court. We have not been favored with an argument on his behalf, and have therefore carefully examined the exceptions found in the record, and scrutinized the proceedings, to ascertain if there are any just grounds for the appeal, and any error committed which entitles him to another jury.

Exception 1. A juror of the special *venire*, after the perusal of the regular panel, was challenged by the prisoner, and cause assigned, in that he had formed and expressed an opinion unfavorable to him. Upon his examination, the juror so stated, but added that his mind was free and unbiassed; that the opinion was formed upon mere rumor, and he had never heard any of the witnesses speak of the matter; and that he felt that he could say without hesitation, that he could hear the evidence and render a verdict without being in any degree influenced by what he had heard, or himself said. The Court adjudged the juror indifferent and overruled the challenge, and thereupon he was peremptorily challenged by the prisoner. Triers are now dispensed with, and the Judge determines the facts as well as the legal sufficiency of the challenge based upon them. The Code §§405 and 1199.

The ruling of the Court is correct in law, and the finding of unindifferency conclusive and unreviewable. *State* v. *Collins,* 70 N. C., 241; *State* v. *Wincroft,* 76 N. C., 38; *State* v. *Garland,* 90 N. C., 668.

Exception 2. Another juror tendered and challenged, was objected to by the prisoner on the ground that he had served on the jury in the Court, within the two preceding years. The challenge was disallowed by the Court.

Exception 3. Another juror was challenged by the prisoner, and the cause therefor assigned, that he had not paid his taxes for the preceding year. This challenge was also overruled. These exceptions to jurors. of the special *venire*, rest upon the same substantial basis, and may be considered together. The jurors, of whom these objected to are part, were summoned under a special writ of *venire facias*, issued under §1738 of The Code, the only qualifications prescribed for which are, that they shall be *freeholders* of the county wherein the trial is had. This is expressly decided in the cases of the *State* v. *Garland*, 90 N. C., 668, and *State* v. *Whitfield*, 92 N. C., 831. Neither exception to the ruling is tenable.

The evidence produced by the State to prove the prisoner's guilt, was circumstantial and voluminous, but unnecessary to be set forth, further than to present the fourth exception of the prisoner:

Exception 4. When the sheriff arrested John Corpening, the alleged associate in crime of the prisoner, and so charged in the indictment, the latter said, as testified by the sheriff, "why don't you arrest Henry Robinson?" (the other accused party). "I left there" (the place of homicide) "at 2 o'clock, and left Henry and Lewis there." The prisoner objected to the admission of this declaration, but the Court allowed it to be heard, remarking twice, distinctly, in the hearing of the jury, "that it was no evidence whatever against the defendants Kilgore and Robinson, but was only evidence against defendant Corpening, and that the jury would be so instructed."

The Court did not, in the charge, advert to this declaration, nor was attention called to it by prisoner's counsel, while all the instructions that were asked on his behalf were given to the jury. The limited and explained purpose of the reception of the evidence as affecting only the defendant who spoke the

words, in substance, was a direction to the jury to disregard it as affecting the prisoner, and equivalent to a direct instruction to the jury. The omission to repeat, seems to have been deemed unnecessary by prisoner's counsel in their silence about this, while submitting other instructions. There is no error in this ruling.

Exception 5. It appeared in evidence that two rings, worn by the deceased on her finger the night previous to her death, were missing the next morning, and some rings, whether identified or not does not appear, were found the next day in a drawer in the dining room of a boarding-house where Kilgore served as butler, with collars and cuffs of his. These rings were shown to have been given to his mother, who, on her examination as a witness for the State, said she did not remember what had become of them. In the argument, the Solicitor insisted, as evidence of the prisoner's guilt, that no explanation had been made about the rings, which the jury were entitled to hear. Thereupon prisoner's counsel objected to the line of argument, insisting that such comments were in violation of the statute (The Code, §1353), which permits an accused party, at his own request, to testify on the trial of a criminal prosecution, but that his failure to make such request "shall not create any presumption against him." The Solicitor disclaimed any such purpose, and the Court said distinctly, in the hearing of the jury, that they "would be instructed that no influence (inference probably intended) to the prejudice of the prisoners, could be made or argued because they did not testify on their own behalf."

The same omission to so charge occurred as in the other matter, attention not being called to it by prisoner's counsel, nor embraced in any of the instructions asked.

If the comments of the Solicitor are susceptible of a meaning, which he denies, within the prohibition of the enabling act referred to, the objection is obviated and the difficulty removed by what was said by the Court. It may be an irremediable infirm-

ity in the administration of the law through the instrumentality of the jury system, that impressions made by the admission of incompetent evidence cannot be wholly effaced from the mind of those who hear it, yet it is, and must be a governing principle, to consider evidence recalled and rejected, as not considered and acted on in forming a conclusion and rendering a verdict. When improper evidence received is ruled out, or the jury instructed not to regard something which through inadvertence may have occurred during the trial, it must be assumed that such did not enter into the consideration of the jury in arriving at a verdict, and thus the error is corrected. *Wilson* v. *White*, 80 N. C., 280; *State* v. *Matthews, Ibid.*, 417; *State* v. *Braswell*, 82 N. C., 693. We find no error in the record of which the prisoner can complain, and the Court must again proceed to judgment, interrupted by the prisoner's appeal. Let this be certified, to that end.

No error.                                                    Affirmed.