STATE v. JOHN E. GREEN.

*Challenges—Jurors.*

1. Upon a challenge to the favor, the Court is the judge of the qualifications of the juror, and its determination is not reviewable.

2. The Court may, in its discretion, permit a juror to be challenged by the State for cause, after he has been tendered to the defendant and before the jury is empaneled.

3. A juror who, on his *voir dire*, states that he has formed and expressed an opinion upon the guilt of the defendant based upon rumors, but that his mind is not so far prejudiced thereby that he could not render a fair and impartial verdict, is a competent juror.

(*State* v. *Kilgore*, 93 N. C., 533; *State* v. *Collins*, 70 N. C., 241; *State* v. *Ellington*, 7 Ired., 61; *State* v. *Bone*, 7 Jones, 121; *State* v. *Cockerham*, 2 Winst., 484; *State* v. *Adair*, 66 N. C., 298; *State* v. *Jones*, 80 N. C., 415; *State* v. *Boone*, Ibid., 461; *State* v. *Cunningham*, 72 N. C., 469, cited and approved).

This is an indictment for BURGLARY WITH INTENT TO COMMIT RAPE, tried before *Clark, Judge*, at the August Term, 1886, of JONES Superior Court.

The only exceptions taken in the case were those taken upon the challenges of jurors.

Thomas Stilley, a juror of the special venire, on his "*voir dire*," said that he had formed and expressed the opinion that the prisoner was guilty. On his cross-examination, he said this opinion was based upon general rumor, and that he had not heard the evidence or talked to any of the witnesses. He was then asked by the Court: "Is your mind so fair and unbiased that you can hear the evidence and render a verdict without being in *any degree* influenced by what you have heard or said?" the Court emphasizing the words *in any degree*. The juror replied "that it was," and on further examination by counsel, stated that he would not be biased in any manner by the opinion he had heretofore expressed.

The Court disallowed the challenge for cause, and the prisoner excepted, and challenged the juror peremptorily.

Two other jurors on being challenged and cross-examined in same manner, made the same responses, and the challenges for cause were disallowed and prisoner excepted. The first of the two was then challenged peremptorily, as to the latter, the peremptory challenges of the prisoner being exhausted, the juror was sworn and served.

A juror by the name of Benjamin Brown was passed by the State, and when challenged by the prisoner for cause, replied that he had not formed and expressed the opinion that the prisoner was guilty, but "had formed and expressed the opinion that the prisoner was not guilty." The prisoner said, "tender him." The State then immediately asked the Court in its discretion to allow it to challenge him for cause. After considerable examination by the State and by defendant, the Court asked the juror: "Is your mind so fair and unbiassed that you can hear the evidence and render a verdict without being in any degree influenced by what you have heard?" The juror replied that it was. The Court thereupon in its discretion, (the jury not yet being complete nor empaneled), allowed the State's challenge for cause, and the juror was stood aside. The prisoner excepted. There was a verdict of guilty. The sentence of the law was pronounced, and the prisoner appealed.

The *Attorney-General*, for the State.

No counsel, for the defendant.

ASHE, J., (after stating the case as above). We find no errors in the rulings of his Honor in the matters excepted to by the defendant. The ground of the exceptions to the ruling with regard to the challenge of the juror Stilly, has been time and again held by this Court not to be sufficient ground of challenge. In *State* v. *Kilgore*, 93 N. C., 533, it

was held, that when a juror, challenged by the defendant, says he has formed and expressed the opinion that the prisoner is guilty, but states further that his mind was fair and unbiased, and that he could hear the evidence and render a verdict without being in any degree influenced by what he had heard or said, he was competent to serve as a juryman, and the challenge was properly disallowed. To the same effect is *State* v. *Collins*, 70 N. C., 241; *State* v. *Ellington*, 7 Ired., 61; *State* v. *Bone*, 7 Jones, 121; *State* v *Cockerham*, 2 Winston, 484.

Two other jurors challenged for like cause as the first, who gave the same response upon the examination, were tendered, the one was peremptorily challenged by the prisoner, and the other after the prisoner's challenges were exhausted, was sworn and put on the jury. The same principle applies to these as to the first juror challenged.

The last exception was to the ruling of the Court in overruling the challenge of the prisoner to the juror Benjamin Brown. This juror had been passed by the State and was tendered to the prisoner, and upon his *voir dire* having stated that he had formed and expressed the opinion that the prisoner was not guilty, the prisoner said "tender him." The State immediately moved the Court to allow it then to challenge the juror, which was resisted by the prisoner, who insisted that the challenge of the State came too late after the juror had been passed by the State to the prisoner, but the Court allowed the challenge, after the juror had stated, in response to a question asked him by the Court, that his mind was not so biased but that he could hear the evidence and render a verdict without being in any degree influenced by what he had heard.

Whether the juror was competent, or in other words a proper person to sit on a jury and render an impartial verdict on the issue between the State and prisoner, was a question of fact to be tried by the Court, after the juror was ten- c red, and within his discretion whether he would allow the

challenge. In the case of *State* v. *Adair*, 66 N. C., 298, "after twelve jurors were tendered and accepted by the prisoner and sworn, but before they were empanneled, the Court was informed that one of the jurors was related by affinity to two of the prisoners, which appeared upon inquiry to be so, but this fact was not known to the counsel on either side, or to the Court when the juror was sworn. The juror was discharged, and the prisoner excepted." PEARSON, C. J., speaking for the Court, said: "As the jury was not empaneled and charged with the case, it was within the discretion of his Honor to allow the State the benefit of a challenge for cause, so as to secure a jury indifferent as between the State and the prisoner." The same rule of practice has since been maintained in the case of *State* v. *Jones*, 80 N. C., 415; *State* v. *Boon*, 80 N. C., 461, and *State* v. *Cunningham*, 72 N. C., 469. We are aware there seems to be an inconsistency in overruling the exception in the case of the juror Stilly, and that of Brown, for both, in their examination, stated that they were not so biased but that they could give an impartial verdict after hearing the evidence, without being influenced by what they had heard about the case. But the challenge in these cases was not strictly a challenge for cause, but a challenge to the favor, when the party has no particular cause of challenge, but objects that the juror is not indifferent on account of some suspicion of partiality, prejudice, or the like. In such cases, the validity of the objection was left at common law to the determination of triers, whose office was to try whether the juror was favorable or unfavorable. The method of which proceeding was, if the first man called be challenged, two indifferent persons named by the Court constituted the triers, and if they try one man and find him indifferent, he shall be sworn; and then he and the two triers shall try the next, and when another is found indifferent and sworn, the two triers shall be superceded and the two sworn on the jury shall try the next. 3 Blackstone

Com., 363. Their finding was conclusive. But by statute in this State the Court is constituted the trier. *The Code*, §§405 and 1199. And where the challenge, as in this, is to the favor, its determination is not reviewable. *State v. Kilgore, supra.*

There is no error.

No error.                                                    Affirmed.