STATE OF NORTH CAROLINA v. WESLEY HARRIS AND STANCIL LEE STANBACK

No. 2

(Filed 14 March 1973)

1. **Jury §§ 5, 7— time of challenge — supervisory duty of trial judge**
   Though G.S. 9-21(b) provides that the State's challenge, peremptory or for cause, must be made before the juror is tendered to the defendant, the statute does not deprive the trial judge of his power to regulate and supervise closely the selection of a jury.

2. **Jury § 5— re-examination of prospective juror by State — challenge for cause — no error**
   The trial judge in a murder case did not commit prejudicial error where he allowed the State to re-examine a prospective juror as to her views on capital punishment after she had been passed by defendants, the State challenged the juror for cause before she had been impaneled, and the judge then gave an additional peremptory challenge to each defendant.

3. **Criminal Law § 172; Jury § 7— jury selection — possibility of prejudice cured by verdict**
   In a first degree murder case any possibility of prejudice in the jury selection procedure created by allowing the State to challenge for cause prospective jurors because of their conscientious scruples against capital punishment was negated by the fact that the verdict returned by the jury precluded imposition of the death penalty.

APPEAL by defendants from *Braswell, J.*, 2 January 1972, Regular Criminal Session of WAKE Superior Court.

Wesley Harris, Stancil Lee Stanback and Sammie Lee Walker were tried upon bills of indictment charging them with murder. Each defendant entered a plea of not guilty.

The State's evidence tended to show that Jesse Dexter Wall, Jr. was killed on the night of 22 February, 1971, at about 11:25 p.m. when he answered a knock at the front door of his home. His death resulted from severe lacerations of the brain caused by "metal slugs" discharged from a sawed-off, 12-gauge shot-

gun. The State offered as a witness Harold Wesley Jones who testified that he was present when the shooting occurred. He observed defendants Stanback and Harris as they alighted from a car driven by Sammie Lee Walker and proceeded to the front porch of the Wall home. Stanback pointed the shotgun at the door, and then Harris took the gun and fired it into the door. Harris and Stanback fled and were picked up by the witness Jones. They threw the shotgun into some bushes and returned to the Plantation Inn.

The State offered other evidence tending to implicate defendants.

The Solicitor, in open court, announced that in exchange for their truthful testimony he had promised State's witnesses Jones and James Franklin Lucky that they would not be prosecuted for the murder of Jesse Dexter Wall, Jr.

At the close of the State's evidence, the trial judge granted Sammie Lee Walker's motion for nonsuit.

Defendants offered no evidence.

The jury returned verdicts of murder in the first degree with a recommendation of life imprisonment.

Defendants appealed.

*Attorney General Morgan; and Assistant Attorney General Moody for the State.*

*George M. Anderson for Wesley Harris.*

*Carl C. Churchill, Jr., for Stancil Lee Stanback.*

*Roger W. Smith for defendants.*

BRANCH, Justice.

[1, 2] Defendants first assign as error the action of the trial judge in permitting the Solicitor to reexamine and successfully challenge for cause Mrs. Joyce Granberry, a prospective juror who had been passed by the State and tendered to defendants.

Before the State passed and tendered Mrs. Granberry to defendants, she indicated her willingness to vote for a verdict which would result in the death penalty. Prior to jury impanelment, however, Mrs. Granberry let it be known that she had

changed her opinion about capital punishment. The trial judge thereupon allowed the Solicitor to reexamine the prospective juror. This reexamination revealed that she had talked with her pastor during the overnight recess and, as a result of that conversation, she would not under any circumstances vote for a verdict which would impose the death sentence. Over defendants' objections the trial judge allowed the Solicitor to successfully challenge the prospective juror for cause. The court then gave an additional peremptory challenge to each defendant who had previously passed the prospective juror.

The competency of jurors is a matter to be decided by the trial judge. Decisions as to a juror's competency at the time of selection and their continued competency to serve are matters resting in the trial judge's sound discretion. G.S. 9-14; *State v. Johnson,* 280 N.C. 281, 185 S.E. 2d 698. The trial judge's ruling on such questions are not subject to review on appeal unless accompanied by some imputed error of law. *State v. Watson,* 281 N.C. 221, 188 S.E. 2d 289.

In the case of *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241, this Court considered the action of the trial judge in excusing certain jurors who would not take the oath. Finding no error the Court stated:

"The desire of a prospective juror to affirm rather than take an oath is not, of itself, cause for challenge in this State. See: G.S. 9-14; G.S. 11-11. On the other hand, nothing else appearing, even the erroneous allowance of an improper challenge for cause does not entitle the adverse party to a new trial, so long as only those who are competent and qualified to serve are actually empaneled upon the jury which tried his case."

The Court further said:

"It has long been established in this State that it is the right and duty of the court to see that a competent, fair and impartial jury is empaneled and, to that end, the court, in its discretion, may excuse a prospective juror without a challenge by either party. (Citations omitted.) It is immaterial that this is done as the result of information voluntarily disclosed by the prospective juror without questioning. *State v. Vick, supra.*"

We reaffirmed the position adopted in *State v. Atkinson, supra,* in *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572. There the defendant was on trial for murder. The trial judge excused a juror on the grounds of family hardship. The circumstances constituting the hardship came to the trial judge's attention after the juror had been accepted by both the State and the defendant and had been sworn, but not impaneled. This Court held that the trial judge's action did not constitute error. See also *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802.

The facts in the case of *State v. Vann,* 162 N.C. 534, 77 S.E. 295, are very similar to those in instant case. In *Vann,* after the juror had been accepted by both the State and the defendant, he stated that he was opposed to capital punishment and would not agree to a verdict of guilty even if the evidence in the case satisfied him beyond a reasonable doubt that the defendant was guilty as charged. The trial judge permitted the State to challenge the juror, and the court sustained the challenge upon the ground that he was "not indifferent or qualified to serve . . . . " In affirming the trial judge this Court said:

"He was discharged, and the ruling was sustained by this Court on appeal, *Pearson, C.J.,* saying that, 'as the jury was not impaneled and charged with the case, it was within the discretion of the court to allow the solicitor the benefit of a challenge for cause, so as to secure a jury indifferent as between the State and the prisoner.' This rule of practice is well settled by the authorities. *S. v. Jones,* 80 N.C. 415; *S. v. Cunningham,* 72 N.C., 469; *S. v. Green,* 95 N.C., 614; *S. v. Ward,* 39 Ves., 225. The rule really goes beyond this, for it is the right and duty of the court to see that a competent, fair, and impartial jury are impaneled, subject to the right of peremptory challenge by the prisoner; and in the discharge of this duty, it may stand aside a juror at any time before the jury are impaneled and charged with the case. *S. v. Jones, supra; S. v. Boon, supra,* and cases therein cited. The court, therefore, may act of its own motion, in furtherance of justice, and need not wait for a formal challenge, if a juror appears to be disqualified. . . . "

Defendants rely principally on the case of *State v. Fuller,* 114 N.C. 885, 19 S.E. 797, as support for their contention. In that case the defendant was charged with murder. A pros-

pective juror was passed by the State and the defendant, but before he was sworn the juror asked to be excused because of a long friendship with the defendant, who was also connected to him by marriage. The trial judge ruled that there was no ground for challenge for cause but permitted the State to successfully challenge the juror peremptorily. The Supreme Court, finding error, reasoned:

> "The discretionary power of the judge was confined to challenges for cause. He had no more authority to extend the time for making peremptory challenges beyond the limit fixed by the statute than he had to increase the number allowed to the State beyond four. The question of the proper interpretation of the language of the statute is one for this Court, and its meaning seems so plain as to require but little further discussion of this exception . . . "

At the time *Fuller* was decided, the Revisal of 1905 of North Carolina provided that in capital cases peremptory challenges must be made before the juror is tendered to the prisoner. The 1967 General Assembly provided in General Statute 9-21(b) that in all criminal cases "The State's challenge, peremptory *or for cause*, must be made before the juror is tendered to the defendant." (Emphasis supplied.)

Defendants argue that pursuant to the authority of *Fuller* and the present wording of G.S. 9-21(b) it is error for the trial judge to permit the Solicitor to reexamine and challenge a juror, either peremptorily or for cause, once that juror has been passed by the State and tendered to the defendant.

We note that under the same statutory provisions which existed when *Fuller* was decided this Court has approved the action of trial judges in allowing challenges for cause after the State has passed and tendered a prospective juror to the defendant. *State v. Green,* 95 N.C. 611; *State v. Jones,* 80 N.C. 415; *State v. Adair,* 66 N.C. 298. Likewise, this Court has found no error when the trial judge, *ex mero motu,* excused a juror after the State had passed and tendered him when it was discovered that the juror was related to both the defendant and the deceased. *State v. Boon,* 80 N.C. 461.

We think that instant case is distinguishable from *State v. Fuller, supra.* In *Fuller,* there was no ground for challenge for cause. Here there was ground for challenge for cause since

the prospective juror was not willing to consider all the penalties provided by law, and was "irreparably committed before the trial has begun to vote against the penalty of death regardless of the facts and circumstances which might be revealed in the course of the proceeding." *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336, *State v. Watson, supra, State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671.

If the present case and *Fuller* were not distinguishable, and *Fuller* was interpreted to hold that under a statute similar to G.S. 9-21 (b) the trial judge was divested of his supervisory and discretionary powers to insure the selection of a fair, competent and impartial jury, we would be compelled by the forces of better reasoning and the overwhelming weight of authority to overrule that portion of *Fuller* so holding.

G.S. 9-21 (b) provides a procedure for the orderly selection of jurors. Its effect is to give to the defendant the last opportunity to exercise his right of challenge when the State had all pertinent information concerning the fitness and competency of the juror before he was tendered to the defendant. G.S. 9-21 (b) does not deprive the trial judge of his power to closely regulate and supervise the selection of a jury to the end that the defendant and the State be given the benefit of a trial by a fair and impartial jury.

We do not believe the court abused its discretion in allowing the State to challenge for cause this juror before she had been impaneled. The court demonstrated its fairness by giving additional peremptory challenges to each defendant who had previously passed the prospective juror before she was ultimately excused.

This assignment of error is overruled.

[3] Defendants also assign as error the court's refusal to permit them to examine prospective jurors successfully challenged by the State for cause because of their conscientious scruples against capital punishment.

During the process of selection of the jury, 218 jurors were examined. Upon being asked "Are your views such that you could not vote for a verdict which would result in the death penalty regardless of what the evidence was in the case?" 71 of the jurors answered in the affirmative and were stood aside.

As had been previously indicated, a juror may be successfully challenged for cause when he is "irreparably committed before the trial has begun to vote against the penalty of death." *State v. Anderson, supra; State v. Doss, supra; State v. Westbrook, supra.*

Any party to an action has a right to make inquiry as to the fitness or competency of any person to serve as a juror. G.S. 9-15(a); *State v. Dawson,* 281 N.C. 645, 190 S.E. 2d 196; *State v. Allred,* 275 N.C. 554, 169 S.E. 2d 833. This right is subject to the trial judge's close supervision, and the manner and extent of the inquiry rest largely in his discretion. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745. As stated in *State v. Dawson, supra:*

> "Although G.S. 9-15(a) assures a defendant of the right to have due inquiry made as to the competency and fitness of any person to serve as a juror, the actual questioning of prospective jurors to elicit the pertinent information may be conducted either by the court or by counsel for the State and counsel for the defendant. The trial judge, in his discretion, may decide which course to pursue in a particular case. If the court, when it conducts the questioning, declines to ask a question requested by the defendant's counsel, an exception may be noted so that an appellate court can consider the propriety, pertinence and substance of such question. The procedure followed in the present case avoided repetitive questioning without precluding or restricting any inquiry suggested and requested by defendants' counsel. The procedure followed was not violative of G.S. 9-15(a) or otherwise objectionable, and defendants have failed to show any prejudice on account thereof. . . ."

The answers elicited by the Solicitor concerning capital punishment were so unequivocal that challenge for cause was clearly proper. Any possibility of prejudice is negated by the fact that the verdict returned by the jury precluded the imposition of the death penalty. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797; *State v. Bryant, supra.*

Defendants have failed to show abuse of discretion on the part of the trial judge or prejudice resulting from the procedure followed in the examination of prospective jurors.

This assignment of error is overruled.

We have carefully examined the remaining assignments of error and find no prejudicial error.

The record reveals that the defendants, represented by able counsel, received a fair trial in which there was

No error.