STATE OF NORTH CAROLINA v. ROY McLAMB

No. 660PA84

(Filed 4 June 1985)

**1. Jury § 7.14— refusal of peremptory challenge after jury impaneled—no abuse of discretion**

The trial court did not abuse its discretion in refusing to permit defendant to exercise his remaining peremptory challenge to excuse a juror after the jury had been impaneled and opening statements had been made when it came to the court's attention that the juror was a receptionist in a dental office at

which the State's chief witness was a patient where the juror described her relationship with the State's witness only as "she has been to our office," and the trial court received assurances that the juror would have no difficulty rendering a fair and impartial verdict despite that relationship.

**2. Narcotics § 5— sale or delivery of cocaine—ambiguous verdict**

A verdict finding that defendant "feloniously did sell or deliver" cocaine was ambiguous and fatally defective since sale and delivery are distinct and separate offenses.

**3. Narcotics § 5— possession of cocaine with intent to sell or deliver—verdict not ambiguous**

A verdict finding defendant guilty of possession of cocaine with intent to "sell or deliver" is not fatally ambiguous because it is in the disjunctive form.

**4. Narcotics §§ 2, 5— conspiracy to sell or deliver cocaine—proper indictment and verdict**

An indictment alleging conspiracy to "sell or deliver" cocaine charges only one offense of conspiring to sell or deliver, *i.e.*, transfer, cocaine, and a verdict of guilty of conspiracy to "sell or deliver" cocaine found defendant guilty only of a single offense and was not fatally defective.

ON discretionary review of a decision of the Court of Appeals, 71 N.C. App. 220, 321 S.E. 2d 465 (1984), granting defendant a new trial. Judgments against defendant were entered by *Brewer, J.*, at the 16 November 1983 Criminal Session of Superior Court, CUMBERLAND County.

The evidence presented at trial tended to show that an undercover police officer, William Simons, approached Mary Sue Hammonds on 27 November 1982 seeking to buy cocaine. After making a telephone call to defendant, Hammonds, along with her boyfriend Ronnie Parsons and Simons, drove in Simons' car to a dirt road which led to defendant's trailer. Simons gave Hammonds money and asked that she obtain an eighth of an ounce of cocaine. Leaving Simons in the car, Hammonds and her boyfriend went inside defendant's trailer, paid defendant $300.00, and received the cocaine. After using a small amount of the cocaine, Hammonds and her boyfriend returned to the car and gave the cocaine to Simons. Two days later Simons arrested Hammonds and Parsons on various counts of dealing in narcotics. A grand jury returned an indictment against defendant on 5 July 1983 charging him with possession with intent to sell or deliver cocaine, felonious sale or delivery of cocaine, and conspiracy to sell or deliver cocaine. He pled not guilty to all counts. Defendant

presented no evidence at trial. The jury found him guilty and he appealed his convictions to the Court of Appeals. The Court of Appeals found error and granted a new trial. We allowed the State's petition for discretionary review on 27 February 1985.

*Lacy H. Thornburg, Attorney General, by James Peeler Smith, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for the defendant-appellee.*

BRANCH, Chief Justice.

[1]   The State first challenges that portion of the Court of Appeals' decision which found error in the trial court's refusal to permit defendant to exercise a peremptory challenge of a juror. We find merit in this argument.

The record in this case reveals that after the jury was impaneled, the assistant district attorney made his opening statement, and the jury was given preliminary instructions. The trial judge then recessed court until the following morning at which time it came to the judge's attention that one of the seated jurors was a receptionist at a dental office where Mary Sue Hammonds, the State's chief witness, was a patient. The following exchange took place:

> Court: Before we proceed this morning, speaking to juror Number Six, Mrs. Graham, in response to your communication which witness do you know?
>
> #6: Mary Hammond.
>
> Court: What kind of relationship do you have with her, business or social?
>
> #6: Business. She has been to our office.
>
> Court: Is your relationship with her such that you feel it would make it difficult for you to be fair and impartial in this case?
>
> #6: No.
>
> Court: Thank you very much for your candor. Attorneys approach the bench?

Defendant then moved to excuse the juror for cause and alternatively moved to exercise his remaining peremptory challenge. The trial court denied both motions. The Court of Appeals found the trial court's refusal to allow defendant to exercise his peremptory challenge to be reversible error which denied defendant a fair trial.

It is well established that a trial judge has the power to regulate and supervise the selection of a jury so that the defendant and the State have the benefit of trial by an impartial jury. *State v. Harris,* 283 N.C. 46, 194 S.E. 2d 796, *cert. denied,* 414 U.S. 850 (1973). The judge's ruling on such questions is not subject to review on appeal unless accompanied by some imputed error of law. *Id.* We find no such error of law in the instant case.

The General Assembly has provided for situations in which prior to impanelment but after acceptance by a party, the questioning of a juror may be reopened and a juror challenged. *See* N.C. Gen. Stat. § 15A-1214(g) (1983). There is no statutory provision which speaks precisely to the situation in which a party seeks to challenge a juror after impanelment. However, this Court in *State v. Kirkman,* 293 N.C. 447, 238 S.E. 2d 456 (1977), considered a similar factual setting. In that case the jury and two alternates had been selected and impaneled when a juror revealed that she worked with the wife of one of the defendants. In response to questions by the court, the juror stated that she would feel no embarrassment in returning a guilty verdict and in continuing to work with the defendant's wife. After further questioning the district attorney requested that the examination of the juror be reopened, which the trial court allowed. The court also allowed the district attorney to exercise a remaining peremptory challenge and seated one of the alternate jurors. The defendant appealed the trial court's ruling, and this Court, in finding no error, stated:

> It is well established that, prior to the impaneling of the jury, it is within the discretion of the trial judge to reopen the examination of a juror, previously passed by both the State and the defendant, and to excuse such juror upon challenge, either peremptory or for cause. *State v. Bowden,* 290 N.C. 702, 228 S.E. 2d 414 (1976); *State v. Harris,* 290 N.C. 681, 228 S.E. 2d 437 (1976); *State v. McKenna,* 289 N.C. 668, 224

S.E. 2d 537, *death sentence vacated*, 429 U.S. 912 (1976); *State v. Harris*, 283 N.C. 46, 194 S.E. 2d 796, *cert. den.*, 414 U.S. 850 (1973).

. . . In all the foregoing cases, the challenge in question was allowed before the jury was impaneled. We perceive no reason for the termination of this discretion in the trial judge at the impanelment of the jury.

293 N.C. at 453-54, 238 S.E. 2d at 460.

Both the State and defendant concede that after a jury has been impaneled, further challenge of a juror is a matter within the trial judge's discretion. Defendant contends, however, that the role of the peremptory challenge is sufficiently important to the choosing of an impartial jury that it was an abuse of discretion to deny defendant his right to exercise that challenge in this case after he learned of the juror's relationship with the prosecuting witness. We have held in a civil setting that a trial court may be reversed for an abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). A ruling committed to a trial court's discretion is to be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *Id.*

We do not find the judge's denial of defendant's request to exercise his remaining challenge to be an abuse of discretion. Before denying defendant's motion, the court questioned the juror about her relationship with the State's witness. That relationship was described only as "she has been to our office." The judge received assurances that the juror would have no difficulty in rendering a fair and impartial verdict despite that relationship. The trial judge was in a position to see and observe the demeanor of the juror and to hear the questions asked and the answers given. This we cannot do.

In arguing that the judge abused his discretion, defendant stresses the importance of the right to peremptory challenges in guaranteeing a fair and impartial trial. We do not dispute the significant role that the free exercise of peremptory challenges plays in a trial of a criminal case. Nonetheless, it is generally held that reasonable limitations on the procedure may be fixed so long

as the right itself is not taken away. 47 Am. Jur. 2d *Jury* § 251 (1969). Indeed, although the matter is one of discretion in our courts, the general rule is that after a jury is impaneled, the parties have waived their rights to challenge peremptorily a juror. *Id.* at § 255. In this case the jury had been impaneled and opening statements had been made. The time was past for the free exercise of defendant's right to challenge a juror peremptorily. We hold that the trial judge in this case was acting well within his discretionary powers when he denied defendant the opportunity to exercise his remaining peremptory challenge at that time. The Court of Appeals is reversed as to this issue.

The State next challenges the ruling of the Court of Appeals as to the sufficiency of the indictment and the verdicts in this case. The Court of Appeals upon its own motion examined the record and concluded that the indictments and verdicts were fatally defective. The indictment and verdicts allege each offense in the disjunctive. Defendant is charged under N.C.G.S. § 90-95 (a)(1) with the sale *or* delivery of cocaine, and the possession of cocaine with intent to "sell or deliver." Defendant is charged under N.C.G.S. § 90-98 with conspiracy to "sell or deliver" a controlled substance. The Court of Appeals determined that defendant waived any defect in the indictment by his failure to move for a dismissal. The court found reversible error in the submission of the verdicts to the jury, however, because the verdicts were in the disjunctive form and "being inherently ambiguous, do not support the judgments." 71 N.C. App. at 222, 321 S.E. 2d at 467. We consider each count in the indictment separately.

[2] We agree with the Court of Appeals that the verdict finding that defendant "feloniously did sell or deliver" cocaine is fatally defective and ambiguous. *See State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976) (holding that sale and delivery are distinct and separate offenses). *Accord, State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985). Indeed, the State has conceded this point and has not sought review of this portion of the Court of Appeals' decision.

[3] Defendant, on the other hand, concedes that the portion of the indictment charging him with the crime of possession with intent to "sell or deliver" is not fatally ambiguous under our recently decided *State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985). In

*Creason* the defendant's indictment and verdict sheet were styled in the disjunctive, alleging that he possessed LSD with the intent to sell or deliver it. The defendant contended that the indictment and verdict charged two separate crimes: (1) possession with intent to sell; and (2) possession with intent to deliver. This Court rejected the defendant's reasoning and held that the evil sought to be prevented by the legislature in enacting N.C.G.S. § 90-95 (a)(1) was possession of narcotics with the intent to transfer them. We held that the indictment charged only one offense, and that intent was the gravamen of the offense. As to the form of the verdict, the Court held that so long as the jury could find that the possession was with the intent to sell or deliver the LSD, the crime was proved and the requirement of unanimity satisfied. *Creason*, which was decided after the Court of Appeals filed its opinion in this case, clearly controls the situation before us. The verdict form finding defendant guilty of possession with intent to sell or deliver cocaine is not fatally ambiguous under *Creason* and the Court of Appeals is reversed on this point.

[4]  We also reverse the Court of Appeals' decision with regard to the alleged ambiguity of the conspiracy verdict. This Court has long held that the charge of conspiracy need not describe the subject crime with legal and technical accuracy, the charge being the crime of *conspiracy* and not the charge of committing the subject crime. *State v. Blanton*, 227 N.C. 517, 42 S.E. 2d 663 (1947). We have also held that a charge of conspiracy to commit any number of crimes charges only one offense. *See State v. Gibson*, 233 N.C. 691, 65 S.E. 2d 508 (1951); *State v. Shipman*, 202 N.C. 518, 163 S.E. 2d 657 (1932). A verdict may be given significance by reference to the indictment. *See State v. Hampton*, 294 N.C. 242, 239 S.E. 2d 835 (1978). Our federal courts have stated the rule with regard to indictments in the following manner:

> An agreement to commit several crimes is but one offense even though one or more means are alleged to have been used to complete the conspiracy. . . . It is well settled that it is permissible to charge a conspiracy to commit several crimes, all in one count of an indictment without it being duplicitous. *Braverman v. United States*, 317 U.S. 49 (1942).

*United States v. Kernodle*, 367 F. Supp. 844, 851 (M.D.N.C. 1973) (citation omitted).

In *Dowdy v. United States*, 46 F. 2d 417 (4th Cir. 1931), a voluminous conspiracy indictment charged an agreement to violate liquor laws in a number of particulars, including the manufacture, possession, sale, and delivery of liquor. The Circuit Court of Appeals stated:

> The fact that the conspiracy contemplated numerous violations of law as its object does not make it duplicitous. The gist of the offense is the conspiracy, though its object is to commit a number of crimes.

46 F. 2d at 420.

These cases involve indictments which were alleged to be duplicitous, but our Court of Appeals has considered a verdict form styled in the disjunctive similar to that in the case before us. In *State v. Overton*, 60 N.C. App. 1, 298 S.E. 2d 695 (1982), *disc. review denied, appeal dismissed*, 307 N.C. 580, 299 S.E. 2d 652, *disc. review denied, appeal dismissed*, 307 N.C. 581, 299 S.E. 2d 652 (1983), the defendant's verdict sheet charged a conspiracy to "manufacture, possess with intent to sell and deliver, *or* sell and delivery of [sic] heroin." The defendant in that case argued that the verdict was ambiguous and could not stand. The Court of Appeals held that the defendant was clearly found guilty of conspiracy to deal in drugs. "The parameters of the conspiracy could include either a conspiracy to manufacture *or* to possess with intent to sell or deliver *or* to sell or deliver heroin." *Id*. at 34, 298 S.E. 2d at 715. In a similar fashion, we have made it clear in *Creason* that in the crime of possession with intent to sell or deliver, the requisite intent is the intent to "transfer." Although we recognize that the sale and the delivery of controlled substances are separate offenses, we hold that the indictment in this case charges defendant with one offense: conspiring to sell or deliver — *i.e.* transfer — cocaine. It is clear that by its verdict the jury found defendant guilty of the single offense of conspiring to sell or deliver cocaine. Defendant was sentenced accordingly for only one conspiracy offense. The verdict is sufficient to support the judgments, and the Court of Appeals is reversed.

The result is that we reverse the Court of Appeals and remand to that court with instructions that it further remand to the trial court for reinstatement of the judgments against defendant

for possession with intent to sell or deliver cocaine and con-
spiracy to sell or deliver cocaine.

Reversed and remanded.