SIMMONS v. PARKINSON

[119 N.C. App. 424 (1995)]

---

ROBERTA SIMMONS, EXECUTRIX OF THE ESTATE OF ELIJAH CULBERT SIMMONS, PLAINTIFF v. JON PARKINSON, M.D., Defendant

No. COA94-1109

(Filed 5 July 1995)

**1. Jury § 103 (NCI4th)— individual voir dire denied—no error**

The trial court did not err in denying counsel for plaintiff the opportunity to question a juror individually where the juror indicated that he wished to tell plaintiff's counsel "something"; the trial court advised counsel that he would have to exercise his own best judgment as to how to handle the situation; and, though counsel knew the juror had "something" he wanted to say, counsel chose not to question the juror further.

**Am Jur 2d, Jury §§ 193 et seq.**

**Right of counsel in criminal case personally to conduct the voir dire examination of prospective jurors. 73 ALR2d 1187.**

**2. Jury § 158 (NCI4th)— juror accepted by both parties— juror acquainted with defendant—court's refusal to reopen voir dire to allow peremptory challenge—error**

The trial court abused its discretion by not reopening voir dire and allowing counsel for plaintiff the opportunity to exercise a peremptory challenge to a juror who initially indicated that he did not know the parties in a medical malpractice action, but subsequently revealed that his wife had been treated by defendant and he was satisfied with defendant's services.

**Am Jur 2d, Jury § 243.**

**Peremptory challenge after acceptance of juror. 3 ALR2d 499.**

Appeal by plaintiff from judgment entered 18 December 1993 by Judge L. Bradford Tillery in New Hanover County Superior Court. Heard in the Court of Appeals 7 June 1995.

*Berry & Byrd, by Wade E. Byrd, for plaintiff-appellant.*

*Anderson, Broadfoot, Johnson, Pittman, Lawrence & Butler, by Lee B. Johnson, for defendant-appellee.*

JOHNSON, Judge.

This is a medical malpractice action in which defendant John Parkinson, M.D., a psychiatrist, was charged with negligently failing to treat Elijah Culbert Simmons. Mr. Simmons committed suicide on 10 February 1989. The case was tried before a jury.

During the *voir dire* of prospective jurors, counsel for plaintiff advised the jury that in his opinion, the trial court, if requested, would hear answers from prospective jurors out of the presence of other jurors in the event of some possible embarrassment. Following a recess, the trial court was advised by counsel for plaintiff that a juror, Mr. Ronald Reagan, had approached him and indicated that he wished to tell him "something," but would prefer to do so outside of the presence of the jury. The trial court declined to excuse the other jurors and advised counsel for plaintiff that he would have to exercise his own best judgment as to how to handle the situation. Counsel for defendant was present during these discussions. Counsel for plaintiff told Mr. Reagan in open court that he was not going to pursue the matter any further.

Subsequently, during *voir dire* by defendant's counsel, it was learned that Mr. Reagan, although he had indicated that he knew none of the parties, was aware that his wife had been treated by defendant and that he was satisfied with the services of defendant. Counsel for plaintiff thereafter requested of the trial court that he be allowed to re-examine or peremptorily challenge Mr. Reagan; the trial court, in its discretion, ruled that Mr. Reagan had been passed by counsel for plaintiff and selected as a juror.

The jury found "the death of Elijah Culbert Simmons [was not] proximately caused by the negligence of [defendant]." A judgment was entered 18 December 1993 by the trial court dismissing the action based on the jury's verdict. On 28 December 1993, plaintiff Roberta Simmons, decedent's executrix, filed a motion for a new trial based upon error committed during the jury selection phase of the trial. This motion was denied by order entered 16 March 1994. Plaintiff filed timely notice of appeal to our Court.

[1] Plaintiff first argues on appeal that the trial court erred in denying counsel for plaintiff the opportunity to question Mr. Reagan individually. Plaintiff asserts that plaintiff's "right to a fair trial was compromised by denying individual *voir dire*."

"It is well established that while counsel is allowed wide latitude in examining jurors on *voir dire*, the form of counsel's questions is within the sound discretion of the trial court. Likewise, the manner and extent of trial counsel's inquiries rest largely in the discretion of the trial judge." *State v. Jones*, 339 N.C. 114, 134, 451 S.E.2d 826, 835 (1994) (citations omitted). We find, in the instant case, that the trial court did not commit an abuse of its discretion by denying counsel for plaintiff the opportunity to *voir dire* Mr. Reagan individually. The trial court advised counsel for plaintiff that he would have to exercise his own best judgment as to how to handle the situation, this being after Mr. Reagan had told counsel for plaintiff that he wished to tell him "something." Counsel for plaintiff knew that Mr. Reagan had "something" he wanted to say, but counsel for plaintiff chose, for whatever reasons, not to question Mr. Reagan further. We reject this argument.

[2] Plaintiff next argues that the trial court erred in denying counsel for plaintiff the opportunity to exercise a peremptory challenge to Mr. Reagan. Plaintiff asserts:

[i]n the case at bar, Mr. Reagan did not respond to the questions posed by [plaintiff's] counsel whether any of the jurors knew

either of the parties or whether they had family members who had received psychiatric treatment. Not until the jury had been passed to counsel for [defendant] did the facts come to light. Counsel for [plaintiff] was thus caught by surprise and sought to have juror Reagan excused by reopening voir dire.

We note that in response to an earlier argument, defendant states:

[d]uring the voir dire examination by counsel for Defendant, it was learned that although Juror Reagan did not personally know the Defendant, his wife had been satisfactorily treated by him in the past. This was not the revelation of a fact explicitly denied during voir dire by counsel for Plaintiff as is claimed. Rather, it was an attempt by the juror to be completely honest with the court and to clarify his knowledge of the Defendant.

The decision whether to reopen the examination of a juror previously passed by counsel for both parties is one to be made by the trial court. *State v. Lamb*, 313 N.C. 572, 330 S.E.2d 476 (1985). We will not disturb the trial court's decision, absent an abuse of discretion. In the instant case, however, we find that the trial court abused its discretion by not reopening *voir dire* and allowing counsel for plaintiff the opportunity to exercise a peremptory challenge to Mr. Reagan. "[T]he primary purpose of the *voir dire* of prospective jurors is to select an impartial jury." *State v. Lee*, 292 N.C. 617, 621, 234 S.E.2d 574, 577 (1977). It is difficult to imagine a situation more appropriate than the instant one for reopening the examination of a juror previously passed by counsel for both parties; where, in this medical malpractice action, while defense counsel questioned the potential jurors, it was revealed that the wife of a potential juror had been defendant's patient and that the juror had been satisfied with defendant's services. Therefore, we find the trial court's ruling was "so arbitrary that it could not have been the result of a reasoned decision." *Lamb*, 313 N.C. at 576, 330 S.E.2d at 479.

In light of our resolution of plaintiff's second argument, we need not address plaintiff's remaining argument.

New trial.

Judges GREENE and MARTIN, JOHN C. concur.