IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-453

Filed 15 January 2025

Sampson County, No. 21 CVS 271

JOSEPH AARON WARREN, JR. and wife LINDA BLACKBURN WARREN, Plaintiffs,

v.

MARCELLA STRICKLAND BONNER and husband, JACK L. BONNER, Defendants.

Appeal by Plaintiffs from judgment entered 13 December 2023 by Judge Robert C. Roupe in Sampson County Superior Court. Heard in the Court of Appeals 6 November 2024.

*Daughtry, Woodard, Lawrence, & Starling, by Luther D. Starling, Jr., for Plaintiffs-Appellants.*

*Hutchens Law Firm LLP, by J. Haydon Ellis and J. Scott Flowers, for Defendants-Appellees.*

COLLINS, Judge.

This appeal arises from a property dispute between Plaintiffs and Defendants and addresses an issue of first impression on this Court: whether the trial court in a civil case may re-open jury voir dire after the jury had been impaneled and allow a party to exercise a peremptory challenge.

Plaintiffs Joseph and Linda Warren appeal from the judgment entered upon the jury's verdicts finding Defendants Marcella and Jack Bonner not liable for the

negligence per se, trespass to real property, and nuisance claims asserted against them by Plaintiffs and finding Plaintiffs liable to Defendants for the counterclaims asserted against them for nuisance, trespass to real property, and trespass to personal property. Plaintiffs argue that the trial court erred by re-opening jury voir dire after the jury had been impaneled and allowing Defendants to exercise a peremptory challenge. Plaintiffs also argue that the trial court erred by denying their motion for judgment notwithstanding the verdicts.

Because the trial court erred by allowing Defendants to exercise a peremptory challenge after the jury had been impaneled, we vacate the judgment and remand the matter for a new trial. Because Plaintiffs failed to give notice of appeal from the order denying their motion for judgment notwithstanding the verdicts, we lack jurisdiction to address that order and dismiss that argument.

## I. Background

The underlying property dispute is not relevant for purposes of this appeal; relevant to the issues on appeal are the following procedural facts: The matter came on for trial and the jury was impaneled. Toward the end of Plaintiffs' case-in-chief, Defendants informed the trial court that they believed juror number twelve had been dishonest during voir dire about his knowledge of and connection to Plaintiffs. Defendants asked the trial court to inquire into the juror's relationship with Plaintiffs and whether the juror had spoken to anyone about the trial.

Plaintiffs objected on the ground that "[t]his is trying to reopen the jury[.]" The

following conversation then took place about the trial court's ability to reopen jury

voir dire in a civil, as opposed to criminal, case:

> THE COURT: [Defense Counsel], I'm quite familiar with the rules regarding voir dire and the Court's discretion to reopen it in the context of a criminal case; admittedly, not as such in a civil case. Do you happen to know the statute or statutes upon which you would be relying that would give me the authority to do that, sir?
>
> [DEFENSE COUNSEL]: Judge, I'm not aware of any distinction between the rules between a criminal case and a civil case when it comes to this matter. I mean, just this week in Cumberland County we had two jurors struck from a murder trial because they spoke about the trial outside of the courtroom. . . .
>
> . . . .
>
> And there's no distinction, to my knowledge, between a civil jury and a criminal jury when it comes to those legal principles.
>
> . . . .
>
> THE COURT: My entire concern about this case and the jury is I want to make sure we have people that can be fair and impartial to both sides. And so I am going to ask that we bring [juror number twelve] in. I'm going to ask him a couple of these questions, and then we will go from there.
>
> . . . .
>
> [DEFENSE COUNSEL]: Your Honor, we're not asking for a new jury. We would ask, as we stated earlier, that if you find that there is bias or impropriety, that the alternate be [impaneled] and move forward with that, with the alternate.

After questioning the juror, the trial court did not find cause to remove him.

Defendants then asked the trial court if the juror's friend was an employee on

Plaintiffs' farm. The trial court, in turn, asked Plaintiffs if the juror's friend was

Plaintiffs' employee. Plaintiffs told the trial court that the juror's friend is retired

but does help on Plaintiffs' farm. Defendants stated, "And, based on that information,

Your Honor, we move to strike this juror and [impanel] the alternate."

The trial court then announced the following:

> I am going to find that there was good cause to reopen the
> voir dire of [juror number twelve], that I do not believe that
> there's a basis for challenge for cause; however, in reading
> the voir dire statutes, as I am aware of them, as I know of
> them, I believe by so reopening, I would give either party
> the opportunity to exercise a peremptory on this person.

Defendants exercised a peremptory challenge on the juror; the trial court

allowed the challenge and replaced the juror with an alternate. Plaintiffs again

objected. The trial court excused juror number twelve and noted the decision was

made in the trial court's discretion pursuant to N.C. Gen. Stat. § 15A-1214.

At the close of the evidence, Plaintiffs moved for a directed verdict; the motion

was denied. The jury returned verdicts finding Defendants not liable on all three of

Plaintiffs' claims and finding Plaintiffs liable on all three of Defendants' claims. The

trial court entered judgment on the jury's verdicts. Plaintiffs moved for judgment

notwithstanding the verdicts; the trial court denied the motion. Plaintiffs noticed

appeal to this Court.

## II. Discussion

### A. Jury Voir Dire

Plaintiffs first argue that the trial court erred by allowing Defendants to

exercise a peremptory challenge after the jury had been impaneled and the trial had commenced. Plaintiffs' argument is meritorious.

Whether North Carolina's statutes governing civil litigation authorize peremptory challenges after a jury has been impaneled is an issue of law. Issues of law are reviewed de novo on appeal. *Schroeder v. City of Wilmington*, 282 N.C. App. 558, 565 (2022).

There are two ways in which a party in a civil or criminal case may challenge a juror: a challenge for cause and a peremptory challenge. "A challenge for cause is a challenge to a juror for which some cause or reason is assigned." *State ex rel. Freeman v. Ponder*, 234 N.C. 294, 302 (1951) (citing *State v. Levy*, 187 N.C. 581 (1924)). "A peremptory challenge is a challenge 'which may be made or omitted according to the judgment, will, or caprice of the party entitled thereto, without assigning any reason therefor, or without being required to assign a reason therefor.'" *Id.* (citations omitted).

Some provisions of Chapter 9 of our General Statutes govern processes related to selecting and impaneling a jury in both civil and criminal cases. *See, e.g.*, N.C. Gen. Stat. §§ 9-1–9-7.1 (2023) (governing "Jury Commissions, Preparation of Jury Lists, and Drawing of Panels"). Provisions in Chapter 9 also govern challenges to jurors in civil cases, whereas provisions in Chapter 15A govern challenges to jurors in criminal cases. The applicable statutory provisions and the caselaw interpreting those provisions differ from each other.

Pursuant to N.C. Gen. Stat. § 9-19, "before a jury is impaneled to try the issues in any civil suit . . . the parties, or their counsel for them, may challenge peremptorily eight jurors without showing any cause therefor, and the challenges shall be allowed by the court." N.C. Gen. Stat. § 9-19 (2023). Our Supreme Court has held that while a trial court has the discretion to allow a challenge for cause after the jurors have been passed by the parties, the trial court may not allow a peremptory challenge after a juror has been passed *and accepted* by the parties:

> After the jurors are passed by the parties any further examination of them is not a matter of right but of discretion in the court. If on such examination good challenge for cause is presented the court may allow the juror to be challenged therefor. But the reason of the thing and the precedents do not extend to the allowance of a peremptory challenge after a juror has been passed and accepted.

*Dunn v. Wilmington & W. R. Co.*, 131 N.C. 446, 447 (1902) (citations omitted). The Court explained that "the rules governing the formation of juries are well settled and material" and that "the allowance of a peremptory challenge after the acceptance of a juror, is not only an impairment of the legal rights of the opposite party but would lead to great uncertainty in trials in a matter which has long been settled and well understood." *Id.* at 448.

The parties have cited no statute or caselaw, and we have found none, specifically addressing the trial court's authority in a civil action to reopen jury voir dire and allow challenges for cause or peremptory challenges after the jury has been

impaneled. However, we find *Dunn's* holding and reasoning persuasive and hold that after the jury has been impaneled, "any further examination of them is not a matter of right but of discretion in the court. If on such examination good challenge for cause is presented the court may allow the juror to be challenged therefor." *Id.* at 447. However, upon the trial court's reopening the jury voir dire after the jury has been impaneled, the trial court may not allow a peremptory challenge of a juror. *See id.*

Here, the jury was duly impaneled. The trial court, in its discretion, found that there was good cause to reopen the jury voir dire. Upon examination of juror number twelve, the trial court did not find that good challenge for cause had been presented; accordingly, juror number twelve should not have been stricken. The trial court, however, erroneously allowed Defendants to exercise a peremptory challenge on juror number twelve and replaced that juror with an alternate juror. This was reversible error.

The trial court found, and Defendants argue, that N.C. Gen. Stat. § 15A-1214(g) authorized the trial court to allow Defendants' peremptory challenge after the jury had been impaneled. This is not correct.

N.C. Gen. Stat. § 15A-1214(g) provides, in pertinent part, as follows:

> If at any time after a juror has been accepted by a party, and before the jury is impaneled, it is discovered that the juror has made an incorrect statement during voir dire or that some other good reason exists:
>
> > (1) The judge may examine, or permit counsel to examine, the juror to determine whether there is a

basis for challenge for cause.

(2) If the judge determines there is a basis for challenge for cause, he must excuse the juror or sustain any challenge for cause that has been made.

(3) If the judge determines there is no basis for challenge for cause, any party who has not exhausted his peremptory challenges may challenge the juror.

N.C. Gen. Stat. § 15A-1214(g) (2023).

This statute did not provide the trial court the requisite authority for the following reasons: First, this is a criminal statute and does not apply here. Second, N.C. Gen. Stat. § 15A-1214(g) speaks only to the procedure applicable *before* the jury is impaneled. Third, the general rule in a criminal case is that "after a jury is impaneled, the parties have waived their rights to challenge peremptorily a juror." *State v. McLamb*, 313 N.C. 572, 577 (1985) (citation omitted). However, given the "significant role that the free exercise of peremptory challenges plays in a trial of a criminal case," *id.* at 576, where liberty and life are often at stake, a body of criminal caselaw has developed allowing the trial court the discretion to re-open examination of a juror after the jury has been impaneled and, upon doing so, requiring the trial court to allow each party to exercise any remaining peremptory challenges to excuse such a juror. *See State v. Thomas*, 230 N.C. App. 127, 130 (2013); *State v. Holden*, 346 N.C. 404, 429 (1997); *State v. Womble*, 343 N.C. 667, 678 (1996). No parallel body of caselaw has developed in North Carolina as to civil actions, and the life and liberty considerations underpinning the criminal caselaw are not at issue here.

For these reasons, the trial court erred by relying on N.C. Gen. Stat. § 15A-1214 for the authority to allow Defendants' peremptory challenge after the jury had been impaneled.

## B. Appeal from the JNOV

Plaintiffs also argue that the trial court erred by denying their motion for judgment notwithstanding the verdicts. Because we lack jurisdiction to review this order, we dismiss Plaintiffs' appeal of this issue.

An appellant's notice of appeal "shall designate the judgment or order from which appeal is taken . . . ." N.C. R. App. P. 3(d) (2023). "An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 347 (2008) (citation omitted).

Here, Plaintiffs' notice of appeal filed on 11 March 2024 states as follows:

> Plaintiffs . . . hereby give notice of appeal to the North Carolina Court of Appeals from the Judgment signed on the 6th day of December, 2023 and filed in this matter on the 13th day of December, 2023 by the Honorable Robert C. Roupe in the Superior Court of Sampson County. . . .

This language plainly designates the judgment entered on the jury's verdicts filed on 13 December 2023.

Although Plaintiffs' notice of appeal also states, "This appeal is made following the denial of Plaintiffs' post-trial motions pursuant to Rules 50(b) and 59, signed by the Honorable Robert C. Roupe on the 29th day of February, 2024 and filed March 6,

2024," this language does not "designate" the denial of these motions for appeal; rather, it is apparent that this language is included to show that the notice was timely filed within 30 days after entry of the trial court's denial of their Rule 50(b) and Rule 59 motions. *See* N.C. R. App. P. 3(c)(3) ("[I]f a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party . . . .").

"Notwithstanding the jurisdictional requirements in Rule 3(d), our Court has recognized that even if an appellant omits a certain order from the notice of appeal, our Court may still obtain jurisdiction to review the order pursuant to N.C. Gen. Stat. § 1-278." *Yorke*, 192 N.C. App. at 348 (citing N.C. Gen. Stat. § 1-278 (2007) (stating that "[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment")). Review of an "intermediate order" under N.C. Gen. Stat. § 1-278 is permissible when the following three conditions are met: "(1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment." *Id.* (citations omitted).

Here, the order denying Plaintiffs' motion for judgment notwithstanding the verdicts does not meet all three conditions. Accordingly, we do not have jurisdiction

to review this order.

## III.    Conclusion

The trial court erred by allowing Defendants to exercise a peremptory challenge after the jury had been impaneled.  We thus vacate the trial court's judgment and remand the matter to the trial court for a new trial.  Because we lack the authority to review the trial court's order denying Plaintiffs' motion for judgment notwithstanding the verdicts, we dismiss the appeal of that issue.

VACATED AND REMANDED IN PART; DISMISSED IN PART.

Judges ARROWOOD and HAMPSON concur.